## JENKINS v. SOUTHERN RAILWAY.

CARRIER—FREIGHT—BURDEN OF PROOF—APPEAL.—In action against car-
rier for loss of or damage to freight, burden is on carrier to show
that freight was shipped under contract limiting value.  In this case,
on appeal from magistrate, Circuit Court finds that such limitation
is not proved, and such finding is binding on this Court.

Before TOWNSEND, J., Cherokee, July, 1905.   Affirmed.

Action by John M. Jenkins against Southern Railway.
From judgment for plaintiff, defendant appeals.

*Mr. W. S. Hall, Jr.,* for appellant, cites: *Value limitation
is valid:* 39 S. C., 55; 19 S. C., 353; 62 S. C., 417; *Can* v.
*Texas Pacific Ry. Co.*

*Messrs. Butler & Osborne,* contra, cite: *Findings below
are conclusive here:* 71 S. C., 339; 50 S. C., 110; 55 S. C.,
309; 69 S. C., 520.   *As to contract limiting value:* 26 S. C.,
268; 19 S. C., 367; 39 S. C., 55; 6 Ency., 2 ed., 264, 290,
294, 296, 298, 302, 314; 65 S. C., 522; 3 Ency., 2 ed., 546-
560.

February 23, 1906.   The opinion of the Court was de-
livered by

MR. JUSTICE GARY.   This action was commenced before a
magistrate to recover the sum of $100 for the loss of a box

containing household goods, &c., delivered by the plaintiff to the defendant for transportation.

The defendant set up the following defense: "That the defendant accepted from the plaintiff a box of goods, purporting to be household goods, for the purpose of transportation, upon a special agreement, that for and in consideration of the transportation of said goods by the defendant, at a low freight rate, the defendant in case of loss or damage, would be liable to the plaintiff only to the extent of the sum of five dollars on every hundred pounds of said goods lost, which value was agreed upon by the plaintiff, and issued a bill of lading to the plaintiff to that effect, which bill of lading was accepted by the plaintiff." The jury rendered a verdict in favor of the plaintiff for $100.

On the face of the bill of lading, dimly stamped in red ink, are the words: "Release and value limited to $5.00 per hundred pounds in case of loss or damage."

The plaintiff testified: "I took bill of lading and put it in my pocket. Mr. Cunningham gave me bill of lading. I put it in my pocket. He said nothing about the extent of railroad company's liability. He then asked me for it and I handed it to him, and he put a stamp on it, but said nothing about it.

"Cross-examined: I can read very good. I accepted the bill of lading without objections. Had opportunity to read it, if I had wanted to.

"Redirect: Agent never said anything about the rate of freight. He never said anything about the extent of its liability, in the event the goods were lost. I never agreed that they should be responsible for a limited amount."

C. T. Clary testified in behalf of the defendant as follows: "I am agent of the Southern Railway at this place. The plaintiff got 4th class rate under this bill of lading. He got 27 cents rate, otherwise it would have been 55½ cents rate.

"Cross-examined: Don't know when stamp was put on bill of lading. This contract does not bear on its face clearly

what was intended to bear. I couldn't tell what was on it unless I was familiar with them."

The magistrate, in his return to the Circuit Court, says: "The evidence showed that there was some misunderstanding between the parties, as to the impression made on the bill of lading, whereby the evidence shows, the defendant meant to limit its liability; the stamp was not clear; as there was an issue as to what it was, I could not charge the jury what the bill of lading meant under the facts of the case."

In dismissing the appeal to the Circuit Court, the presiding Judge makes the following finding of fact: "The evidence fails to show that the plaintiff contracted with the defendant, for a limited valuation to be placed upon the goods, in case of loss, or that the plaintiff consented or agreed to any such limitation. The bill of lading in evidence does not show plainly what limitation, if any, the railway company intended to place upon itself in regard to such limitation or reduction in value, in case of loss or damage."

The defendant appealed upon numerous exceptions, but they all, in different form, relate to the question whether the findings of fact by the Circuit Judge are wholly unsupported by the testimony. This is an action at law, and this Court has no power to review the facts, except for the purpose of determining whether there is any testimony to sustain the findings of the Circuit Judge, which presents a question of law. In order for the plaintiff to make out his case, in the first instance, it was only necessary for him to show by the testimony (which he did), that he delivered the goods to the defendant as a common carrier, for transportation; that the defendant refused to make delivery of the goods at their destination, and that he thereby sustained damages. It was incumbent on the defendant to make out its defense by the testimony, which it failed to do, to the satisfaction of the jury, magistrate, or Circuit Judge.

As there is testimony to sustain the judgment of the Circuit Court, the appeal must be dismissed, and it is so adjudged.