7102

BAKER v. ATLANTIC COAST LINE R. R. CO.

CARRIER—FREIGHT.—Where a shipper signs a contract to limit the liability of the carrier in case of damage or loss of freight, such limitation is binding on him in absence of fraud, imposition, misrepresentation or concealment.

*Jenkins* v. *Ry.,* 73 S. C., 289, *distinguished from this case.*

Before DANTZLER, J., Sumter, April, 1908. Reversed.

Action by H. W. Baker against Atlantic Coast Line Railroad Company. From judgment for plaintiff, defendant appeals.

*Messrs. P. A. Willcox* and *Mark Reynolds,* for appellant. *Mr. Reynolds* cites: *On the point decided:* 112 N. S., 331; 56 N. Y., 168; 1 Woods, 573; 69 Ill., 62; 39 S. C., 55; 75 S. C., 321; 79 S. C., 344; 74 Mo., 538; 18 Fed. R., 318; 4 Fed. R., 706; 6 Allen, 88; 61 Ill., 184; 90 Ala., 36; 112 Wis., 150; 90 Tenn., 17; 103 Ind., 121; 91 Ala., 340; 4 Ell. on R. R., 2336; 1 Hutch. on Carriers, sec. 427.

*Messrs. Lee & Moise,* contra, cite: *On point decided:* 65 S. C., 1; 66 S. C., 61; 69 S. C., 101; 61 S. C., 22; 73 S. C., 289; 65 S. C., 27; 71 S. C., 224; 73 S. C., 290; 6 Cyc., 403-4-5, 409, 416. *Evidence of concealment is for jury:* 77 S. C., 404; 65 S. C., 93; 73 S. C., 385.

February 13, 1909.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an action to recover $185, the value of certain furniture shipped from Darlington, S. C., to Harvins, S. C., and which was lost in transportation; also, to recover the penalty of $50 for failure to adjust the claim for such loss within the time required by law.

The defendant denied each and every allegation of the complaint, and for a defense set up that the plaintiff, at the time of the shipment, entered into a contract with the defendant, whereby, in consideration of a reduced rate, it was agreed that in the event of loss or damage to any of the articles shipped, their value should not exceed $5 per 100 pounds. The property weighed 1,100 pounds.

The jury rendered a verdict in favor of the plaintiff for $235, and the defendant appealed.

The first exception that will be considered is as follows: "Because his Honor erred in not charging the jury in accordance with the defendant's last request to charge, that if they believed the plaintiff signed a contract to release, they could only find a verdict of fifty-eight and thirty one-hundredths dollars, and in modifying said request by saying

to the jury: *Provided,* you find that by signing same, he
thereby agreed to it. Whereas, he should have charged the
jury said request, without any modification, in the absence
of any proof by the plaintiff of fraud, misrepresentation or
concealment on the part of the defendant. The best evi-
dence that the plaintiff agreed was the fact that he signed it,
and his Honor should have so instructed the jury."

His Honor had previously charged the jury as follows:
"Now, the law declares when one person signs a contract,
that is, contract in writing, he is presumed to have known
the contents of that contract, and is bound by the terms and
conditions of it, in the absence of fraud, misrepresentation
or concealment."

He had also charged the following requests which were
presented by the defendant's attorney: "If you believe from
the evidence that the bill of lading shows an agreement
between the plaintiff and the defendant by which, for a
reduced rate of freight, the plaintiff, in case of loss or dam-
age, agreed to limit the value of goods to $5.00 per hundred
pounds, then, in case of loss or damage to said shipment, the
plaintiff would be only entitled to recover such limited value,
together with the amount of freight paid thereon, if he paid
the freight. In other words, if you find from the evidence,
if such evidence there be, that there was a writing signed
by the plaintiff by which he agreed to limit the value in case
of loss to $5.00 per hundred pounds, and that the defendant
performed its part of the contract by accepting or charging
a reduced rate of freight in case of loss or damage, you
could only give a verdict for the loss or damage limited to
$5.00 per hundred pounds of the goods lost, together with
the freight paid thereon by plaintiff, if he paid freight."

"Where a stipulation for a valid limitation of the car-
rier's liability is embodied in a receipt delivered by the
carrier to the shipper, and accepted by the latter, the assent
of the shipper to such stipulation is presumed, and the limi-
tation thus embodied will be binding upon him as a special

contract, in the absence of any evidence of fraud, imposition or deceit practiced by the carrier."

Before modifying the request mentioned in the exception, his Honor, the Circuit Judge, had charged the law correctly. In the modification of the request he seems to have been of the opinion that the plaintiff could recover the amount claimed, even though he signed that portion of the bill of lading containing the words: "Weight, 1,100. Released and value limited to $5.00 per cwt. in case of loss or damage (stamped)," in the absence of fraud or misrepresentation, if it appeared from the testimony that he did not otherwise agree to such provision.

This conception of the law is erroneous.

Mr. Freeman thus states the rule in 88 Am. State Rep., p. 81 (note) : "In the absence of fraud or imposition therefor, and with the exception of the two jurisdictions before mentioned as holding the opposite view (Illinois and Ohio), the rule is well-settled, both in this country and in England, that assent to stipulations in a bill of lading, limiting the carrier's liability, will be conclusively presumed from the acceptance of that instrument by the shipper without dissent."

The respondent's attorneys, however, rely upon the case of *Jenkins* v. *Ry.*, 73 S. C., 289, 53 S. E., 480. There are at least two material differences between that case and the one under consideration. In the first place, the plaintiff in that case did not sign the bill of lading; and, in the second place, there was an issue whether the words: "Release and value limited to $5.00 per hundred pounds in case of loss or damage" were stamped upon the bill of lading before it was delivered to the plaintiff.

These views practically dispose of all questions presented by the exceptions.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.