## 11069

### DAWKINS v. CHESTER COUNTY *ET AL.*

#### (115 S. E., 62)

1. FERRIES—EVIDENCE AS TO COUNTY COMMISSIONER'S ACTION ON CLAIM FOR DAMAGES FROM NEGLIGENT OPERATION OF FERRY HELD NOT, AS A MATTER OF LAW, A BAR TO SUIT THEREON.—Where the evidence as to what action the County Commissioners had taken on a claim under Civ. Code 1912, § 945, for damages from the negligent operation of a ferry was in direct conflict, *held*, that the Court, in an action against the two counties operating the ferry for such damages, did not err in refusing a directed verdict, on the theory that the action of the commissioners on the claim was a bar to the action.

2. COURTS—COUNTY, DEFENDING SUIT IN ANOTHER COUNTY, HELD TO HAVE WAIVED OBJECTION TO JURISDICTION.—Where an action for damages arising out of the negligent maintenance of a ferry is brought against two counties in the Court of one of them, *held* that, by defending the action in the county of its codefendant, the county in which the action had not been brought had waived its right to question the jurisdiction.

Before WILSON, J., Union, 1922.     Affirmed.

Action by Biddie Dawkins against Chester County and Union County. Judgment for plaintiff and defendants appeal.

The following are appellant's exceptions, referred to in the opinion:

(1) Because his Honor erred in admitting, over the objection of the defendants, Exhibit 1, which exhibit is as follows:

"Office of County Supervisor. J. V. Askew, Supervisor. Union, S. C., Feb. 5, 1921. Mr. K. D. Bailey, Carlisle S. C.—Dear Sir: In regard to Biddie Dawkins' mule, that got drowned at Fish Dam ferry last fall, my board passed on the claim and agrees to pay the half of $640; that is, we agree to $320. Your friend, J. V. Askew, Supervisor."

The error is that this is testimony in the nature of a compromise, and therefore was inadmissible and incompetent.

(2) Because his Honor erred in overruling a motion for a directed verdict on the part of Union county on the following ground:

"(1) That the plaintiff in this action having filed a claim in Union county, and that claim having been acted upon by Union county, and there being no appeal from it, that there is a bar to this action in so far as Union County is concerned."

The error is that the plaintiff cannot file a claim with the county of Union, the county pass upon the claim, and then the plaintiffs bring an action in the Court of Common Pleas against the county of Union on a claim that had heretofore been passed upon by said county of Union.

(3) Because his Honor erred in holding as a matter of law that the plaintiff had withdrawn his claim from the county of Union, and had a right to maintain this action in the Court of Common Pleas.

. (4) Because his Honor erred as a matter of law in holding that the counties of Union and Chester are jointly liable under the statute, whereas it is respectfully submitted that the statute makes no provisions for any joint liability in an action like the one at bar.

(5) Because his Honor erred in charging the jury as follows:

"Now, as to this special defense put up by the county of Union, about this claim being passed on, you heard my ruling on that. I left that to the jury. It is for you to say whether

there was a judgment rendered, a positive judgment rendered, by the county commissioners or township commissioners, or whether it was a conditional settlement; whether there was a proposition to settle, or whether it was a general judgment. You will settle that. That is all a matter for you. Mr. Hamblin took the position that it was, Mr. Sawyer took the position that it was not, and I ruled that I would let the matter go to the jury. You heard the testimony on that. The papers are introduced, it is for you to say whether it was a solemn judgment, a final determination, of the matter, or whether just negotiations going on."

The error being that the Court erred in not holding as a matter of law that it was a final judgment rendered by the supervisor and advisory board; that it was not a conditional settlement, a mere proposition to settle, and it is respectfully submitted that the Court should have held that it was a judgment that barred the claim and ousted the Court of Common Pleas of the action at bar, and that it was a final determination of the claim.

(6) Because his Honor erred in refusing to charge as a matter of law that the plaintiff did not have to file any particular form of a claim; that the county did not have to enter up any formal judgment, did not have to go into the Court of Common Pleas, or anything like that—the error being that any informal claim filed with the supervisor and advisory board of Union county, and any informal passing upon same is a sufficient and substantial compliance with the statute and the Court should so have held.

(7) Because the Court erred in holding as a matter of law that the judgment and claim is not a formal judgment; that with the evidence before the Court, whereas it is submitted that the Court should have held that it is a formal judgment, a substantial compliance with the statute of the state, holding that the filing of a claim, with the supervisor

and advisory board or township commissioners is a sufficient compliance with the law.

(8) Because his Honor not only erred in refusing to hold that as plaintiff had filed his claim with the county board of commissioners of Union County, and same had been duly and legally heard and determined by the commissioners of Union County, and the plaintiff not having appealed from the decision of the county commissioners of Union County, he was thereby barred from bringing an action on this same claim in the Court of Common Pleas; but his Honor should have held and ruled that, the plaintiff having filed claim with the county board of commissioners of Union County, and same having been judicially determined, and there being no appeal from said decision of the commissioners, plaintiff was barred from later bringing an action in the common pleas Court against Union County, and that as plaintiff had no legal right to bring this action in the common pleas Court against Union County he was thereby prevented from bringing suit in Union County, against Chester County, although the Chester County board of directors had not judicially heard and determined the claim of this plaintiff; but his Honor should have held that, plaintiff's claim having been heard and determined by the Union County commissioners, he was barred from bringing a suit against Union County, and that he therefore could not bring a suit against Chester County in the County of Union.

(9) That his Honor erred in refusing to direct a verdict for Union County on account of the claim having been judicially determined, and that he then further erred in not directing a verdict for the defendant Chester County, on the ground that, the two counties being charged with but one act of negligence, to wit, a defective pulley, one defendant being discharged, the other ought by law to be discharged also.

(10) That his Honor erred in refusing to hold that Chester County could not legally be sued in Union County; his Honor should have held that there was no provision for Chester County being sued in Union County, and his Honor should have directed a verdict for Chester County, for the reason that the Courts of Union County had no jurisdiction of Chester County.

(11) Because his Honor erred in failing and refusing to charge the jury that the counties shall not be liable unless such defect, if any defect there was, was occasioned by the counties' neglect or mismanagement.

*Mr. John K. Hamblin,* for Union County, cites: *Proof of claim against County:* 1 Civ. Code 1912, Sec. 991; 80 S. C., 430. *When claim is filed with County Commissioners procedure is by appeal from that board to the Circuit Court:* 24 S. C., 543; 84 S. C., 410; 61 S. C., 201; 90 S. C., 182; 113 S. C., 128. *Action cannot be maintained against defendants jointly:* Acts 1920, 1021.

*Mr. R. L. Douglas,* for Chester County, cites: *Necessary proof in suit against a County:* 40 S. C., 342; 94 S. C., 375; 56 S. C., 534. *Act of County Commissioners in acting on claim is a judicial action:* 81 S. C., 201; 81 S. C., 419; 90 S. C., 180; 40 S. C., 276; 28 S. C., 258; 24 S. C., 543. *Joint tort feasors:* 26 R. C. L., 763; 38 Cyc., 492. *No provision allowing suit against Chester in Union County:* 118 S. C., 137.

*Messrs. Sawyer & Kennedy,* for respondent, cite: *What amounts to offer of compromise:* 10 R. C. L., 925; 22 C. J., 167; 195, 310-11; 75 S. C., 265; 56 S. C., 331; 83 S. C., 60; 98 S. C., 123; 82 S. C., 467; 17 S. C., 136; 1 Greenl. Ev. (13th. Ed ), Sec. 192; 2 Wig. Ev., Secs. 1051, 1062; 20 S. C. L., 528. *Suit against both Counties is joint tort feasors, proper:* 27 S. C., 421; 31 Stat. 1021. *Force of a judgment offered in evidence is for the Court:* 85 S. C., 130; 15 R. C. L., 1053. *No judgment of County*

*Commissioners to appeal from and action was in Court
properly brought:*   45 S. C., 165.

December 20, 1922.

The opinion of the Court was delivered by MR. CHIEF
JUSTICE GARY.

This action was commenced on the 7th day of July, 1921.
The following is a copy of the complaint, omitting allega-
tion No. 1 as to the incorporation of the defendants and
that the plaintiff is a resident of Union County.

"(2) That on or about the 7th day of September, 1920,
and for a considerable time prior thereto and subsequently,
the defendants above named jointly owned and operated a
ferry, at Fish Dam ferry on Broad River, between said
Union County and said Chester County, and transported
wagons and teams for the public across said river. That
on said date, while the plaintiff, with his wagon and team
of mules, the property of the plaintiff, was being transported
across said river on said ferryboat, owned and being oper-
ated by the defendants and their agents and servants, the
windlass of the said ferryboat suddenly gave way and be-
came detached from its place while said ferryboat was
about the middle of said river, thereby causing said ferry-
boat to swing around at the front end and to precipitate
plaintiff's pair of mules into said river and drowning said
mules, the property of the plaintiff, and thereby causing the
plaintiff a loss and damage in the sum of eight hundred
($800.00) dollars. That the same were a very valuable
pair of young mules and were reasonably worth the said
sum of eight hundred dollars, and were lost and drowned.

"(3) That the said loss and damage to the plaintiff was
directly due to and caused wholly by the defective condition
of the windlass of said ferryboat, the same being old, worn,
improperly constructed of unsound and unsafe material,
and insufficient for the use and strain upon the same for
the uses and purposes for which the same was being used,

of which unsafe and dangerous condition the defendants and their agents and servants had knowledge beforetime, and to the negligence on the part of the defendants, their agents and servants, in the repair of said above-mentioned defects, and to the mismanagement in operating said ferryboat in its then defective and dangerous condition.

"(4) That the plaintiff did not in any way bring about such loss and damage by his own act, or negligently contribute thereto.

"(5) That the plaintiff's load on said occasion did not exceed the ordinary weight.

"(6) That said defects in the windlass of said ferryboat were occasioned by the neglect or mismanagement of said ferryboat by the defendants, their agents and servants."

The separate answer of the defendant Chester County is as follows:

"(1) It admits the allegations contained in paragraph 1 of said complaint.

"(2) Answering paragraph 2 of the complaint, this defendant admits that the defendants above named jointly owned and operated a ferry at Fish Dam ferry on Broad River between said Union County and said Chester County, and transported wagons and teams for the public across said river, and this defendant further admits, upon information and belief that on or about the date mentioned in the complaint; that while the plaintiff, with a wagon and team of mules, were being transported across said river on said ferry, the said two mules were drowned; but this defendant denies each and every other allegation contained in said paragraph not specifically admitted.

"(3) For answer to paragraph 5 of the complaint, this defendant admits, upon information and belief, that plaintiff's load at the time mentioned did not exceed the ordinary weight.

"(4) That this defendant, Chester County, denies each and every allegation contained in paragraphs 3, 4, and 6 of said complaint."

The answer of Union County is the same as that of Chester County, except in one respect. The defendant Union County made a motion during the trial of the case, which was granted, for an order to amend its answer by alleging:

"That the plaintiff in this action, having filed with Union County a claim for the cause of action as alleged in the complaint, and the county board of Union County having passed on that, and there being no appeal from the same, that is a complete bar and final settlement of the case."

The plaintiff denied these allegations. Both defendants set up the defense of contributory negligence. At the close of the testimony the jury rendered the following verdict:

"We find for the plaintiff the sum of $640, one-half of amount to be paid by Union County, and one-half of amount to be paid by Chester County."

The defendants appealed on exceptions, which will be reported.

The first question that will be considered is whether there was error on the part of his Honor the Circuit Judge in ruling that the proceedings by the county board of commissioners were not as a matter of law a final and valid adjudication of the plaintiff's claim for $800, on account of the drowning of the mules mentioned in the complaint. The testimony as to what took place between the plaintiff and the county board of commissioners of Union County was in direct conflict, and susceptible of more than one inference; therefore the requested ruling would have been a charge upon the facts, and contrary to law.

Furthermore, the ruling would have been very prejudicial to the rights of Union County, as it would have been an adjudication as to the validity of the plaintiff's claim for

$800 against Union County *alone,* and the plaintiff would have had the right to resort to mandamus proceedings against the county board of commissioners of Union County, for the purposes of requiring them to pay the full amount of his claim.

Section 945, Code of Laws 1912, is as follows:

"All accounts, claims and demands of whatever nature existing against the county for opening, constructing, maintaining and operating any public highway, road, bridge or ferry shall be presented to the county board of commissioners, duly attested, and if approved by said board, the county supervisor shall draw his warrant upon the county treasurer, under the seal of the county board of commissioners, for the amount of any such claim or claims, which warrant shall be countersigned by the secretary of the board and the same shall be paid by said treasurer out of the county road fund."

In the case of *Jennings v. Abbeville County,* 24 S. C., 543, the Court uses this language:

"In case such warrant was refused, they might, as suggested in the argument, apply for a writ of mandamus to test the question whether the board of county commissioners, having already audited their claim, are not bound to issue a warrant for its payment, and that right they had, as clearly as now, before they commenced this action in the Court of Common Pleas."

The record shows that the writer of this opinion was the attorney for Abbeville County in the case just mentioned, and, as matter of fact, after the decision of the Supreme Court therein, instituted mandamus proceedings against the board of county commissioners, obtained an order from his Honor, Circuit Judge Fraser, requiring them to pay the claim, which was enforced, and the money paid.

The only other question is presented by the tenth exception. The jurisdiction related to the person, and not to the subject-matter; therefore when Ches-

ter County contested the case upon the merits it waived the question of jurisdiction. *Jenkins v. Railway,* 73 S. C., 292, 53 S. E., 480; *Jenkins v. Railway,* 84 S. C., 343, 66 S. E., 409.

Affirmed.