## 11204

### HARRISON v. HART GINNING CO.

#### (117 S. E., 349)

APPEAL AND ERROR—SUPREME COURT HAS NO JURISDICTION TO PASS ON QUESTION WHICH LOWER COURT DECIDED AS INFERENCE FROM FACTS. —Where Magistrate and Circuit Judge found that it was within the apparent scope of the authority of a laborer at a cotton ginnery to contract on behalf of owner thereof for the installation of electric lights in a room in the ginhouse in which laborer lived, the question being an inference from the facts, the Supreme Court has no jurisdiction to pass on it.

Before SEASE, J., Spartanburg, July, 1922. Affirmed.

Action by F. P. Harrison against Hart Cotton Ginning Co. Judgment for plaintiff in the Magistrate's Court, affirmed by the Civil Court, and defendant appeals.

*Messrs. Bomar, Osborne & Brown,* for appellant, cite: *No evidence of agency:* 114 S. C., 489.

*Mr. J. Hertz Brown,* for respondent, cites: *Findings will not be disturbed if there is any evidence to sustain them:* 94 S. C., 40; 112 S. C., 390. *Question not raised on appeal from the Magistrate not properly before this Court:* 113 S. C., 171.

April 30, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Appellant's argument thus states its case:

"Appellant is a corporation, operating a cotton gin in Spartanburg. It is managed by Mr. Hart, as secretary and treasurer of the company, who made contracts and paid bills for the company and visited the gin occasionally.

Mr. Goodwin was superintendent in December, 1920, in active charge of the operation of the gin. He had three laborers under him, one of whom was Roy Finch, a young man about 17 years of age, who had recently married and was occupying some rooms in one end of the long building, in the other end of which the gin was located. The rooms occupied by Finch were no part of the gin.

"The gin was operated by electric power and had been wired for electric lights, but they had never been used prior to the time this action was brought. Finch concluded he wanted electric lights in the rooms he was occupying, and gave the order by 'phone for the work and material in account sued upon. This order was given and the work done during Christmas holidays, in December, 1920, when the gin was closed down and the superintendent away, at his old home in Marietta.

"The testimony is undisputed that neither Mr. Hart nor Mr. Goodwin gave Finch authority to order this work done. Finch was merely a common laborer, and had never made a contract for the company. The sole question raised by this appeal is whether respondent was justifiable in law in assuming that Finch had authority from his company. What was the apparent scope of Finch's authority?"

The answer to that question is an inference from the facts of the case. The Magistrate and Circuit Judge found that it was within the apparent scope of authority of the servant, and this Court has no jurisdiction to pass on that question.

The judgment appealed from is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, COTHRAN, and MARION concur:

MESSRS. JUSTICE COTHRAN and MARION: We concur upon the ground that there is evidence tending to show that the agent was acting within the apparent scope of his agency.