12027

## HART v. COOK BROKERAGE CO.

### (133 S. E., 822)

1. APPEAL AND ERROR.—Findings of fact by Magistrate in a law case, concurred in by Circuit Court on appeal, are not reviewable by Supreme Court.

2. APPEAL AND ERROR.—If Circuit Judge reverses findings of Magistrate's Court in law case, findings of Circuit Judge are not reviewable on appeal to Supreme Court.

Before SEASE, J., Spartanburg, March, 1926.   Affirmed.

Action by M. E. Hart against Cook Brokerage Compony, a partnership composed of H. H. Martin and another. Judgment for defendant, rendered by a Magistrate, was affirmed on appeal to Circuit Court, and plaintiff appeals.

*Mr. R. J. Gantt,* for appellant, cites: *Legal rate of interest:* Civ. Code, 1922, Sec. 2638. *Transactions indirectly usurious illegal:* 2 Bay, 29; 1 Bail. Law, 322; Harper's Law, 81; 2 DeSaus. Eq., 337; 137 N. Y. App. Div., 523; 121 N. Y. S., 1677.

*Messrs. Jno. B. Johnson* and *R. A. Hannon,* for respondent, cite: *Salaries and wages assignable:* Rice's Eq., 60; 17 S. C., 585; 196 Mass., 528; 84 Mass., 541; 84 Mass., 541; 84 Mass., 407; 73 Mass., 150; 69 Mass., 277; 62 Mass., 277; 38 Mass., 307; 35 Mass., 168; 239 Ill., 353; 28 L. R. A. (N. S.), 1108; 209 Ill., 252; 65 L. R. A., 602; 134 Ill. App., 574; 104 Ill. App., 323; 77 N. E., 747; 5 L. R. A. (N. S.), 564; 28 Vt., 19; 65 Am. Dec., 220; 76 Me., 413; 56 Me., 458; 96 Am. Dec., 491; 91 Ky., 596; 34 A. S. R., 242; 12 Ky. L. R., 190; 37 Am. Dec., 744; 39 Conn., 536; 39 Conn., 26; 46 N. H., 148; 44 Barb. (N. Y.), 409; 27 Ohio Cir. Ct. R., 321; 95 Minn., 383; 47 Minn., 247; 156 Mo. App., 411; 138 S. W., 81; 102 P., 956; 5 C. J., 865; 2 R. C. L., 603; Pomeroy's Eq. Juris., Sec. 1286. *Contracts similar to one at bar held 'not usurious:* 112 S. E.,

896; 87 S. E., 754; 62 S. E., 726. *Bona fide sale of nego-
tiable note upheld regardless of discount rate:* 1 Bail., 322.
*Essential elements of usury:* 27 R. C. L., 208.

July 2, 1926.

The opinion of the Court was delivered by MR. JUSTICE
BLEASE.

The plaintiff brought suit in the Magistrate's Court of
Spartanburg County against the defendant for the sum of
$100.  The complaint alleged that defendant made plaintiff
a loan of $25 on November 24, 1925, and collected from
plaintiff's employer, on February 2, 1926, the sum of $27.50,
$2.50 of the amount being interest; that the interest charged
was usurious; and that plaintiff was entitled to recover
$5 as a penalty therefor, and the further sum of $95, be-
cause the defendant willfully and unlawfully, and in disre-
gard of plaintiff's right and feeling, presented and collected
the paper signed by him from his employer, without allow-
ing the plaintiff the opportunity of redeeming the paper, to
his great embarrassment.

The defendant denied the material allegations of the com-
plaint.  It alleged, further, that it had bought from the
plaintiff his account against another for the sum of $27.50,
due to the plaintiff, or to become due to him, as wages for
his services.

The case was tried before John L. Lancaster, Esq., Mag-
istrate, one of the Magistrates of Spartanburg County.
The main question before the Magistrate was whether the
defendant had made a loan to the plaintiff, or if the de-
fendant had bought from plaintiff an account of plaintiff
against another party.  The written agreement between the
parties showed that the defendant had purchased an account,
and had not made plaintiff a loan of money.  There was no
claim on the part of the plaintiff that he had signed the
written instrument by accident, fraud, or mistake.  The
plaintiff admitted that he could read and write, and, while

he did not read all of the contract, that it was fully explained to him. The Magistrate found a verdict in favor of the defendant. Plaintiff appealed to the Circuit Court, and the presiding Judge, Hon. T. S. Sease, confirmed the judgment of the Magistrate. Plaintiff has appealed to this Court.

1, 2   This is a law case. The findings of fact by the Magistrate, concurred in by the Circuit Judge, are not reviewable here. Indeed, if the Magistrate had found one way and the Circuit Judge had reversed those findings, the findings of the Circuit Judge could not be reviewed by this Court. *Dingle v. Northwestern Railway Co. of South Carolina,* 112 S. C., 390; 99 S. E., 828. *Harrison v. Cotton Ginning Co.,* 124 S. C., 134; 117 S. E., 349.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES WATTS, COTHRAN and STABLER, and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.