### BRYANT v. ASKIN & MARINE CO.

#### (144 S. E., 231)

1. ASSIGNMENTS—WAGES TO BE EARNED IN FUTURE UNDER PRESENT CONTRACT MAY BE ASSIGNED.—Wages to be earned in the future under a present contract of employment may be assigned.

2. ASSIGNMENTS—EMPLOYER WITHHOLDING EMPLOYEE'S WAGES UNDER ASSIGNMENT TO SELLER, BECAME SELLER'S DEBTOR TO EXTENT OF WAGES WITHHELD.—Where plaintiff purchased a coat from defendant, agreeing to pay therefor in weekly installments, and on her default defendant filed with plaintiff's employer an assignment of her wages executed when she purchased coat, *held* that employer became debtor of defendant to the extent of the wages withheld, and not paid to defendant.

3. ASSIGNMENTS—DEFENDANT, FILING ASSIGNMENT OF PLAINTIFF'S WAGES WITH PLAINTIFF'S EMPLOYER, HELD NOT LIABLE FOR EMPLOYER'S WITHHOLDING AMOUNT IN EXCESS OF BALANCE DUE, ON THEORY THAT IT COLLECTED EXCESS.—Where plaintiff purchased a coat from defendant, agreeing to pay therefor in weekly installments, and on her default defendant filed with plaintiff's employer an assignment of her wages, executed when she purchased coat, without stating amount of its claim against plaintiff, and thereafter employer withheld an amount in excess of balance due on coat, without paying any part thereof to defendant, defendant was not liable for willfully collecting from plaintiff an amount in excess of amount due.

Before WHALEY, J., County Court of Richland, January, 1927. Reversed.

NOTE: On the question of validity of assignment of wages to be earned in future, see annotation in 5 L. R. A. (N. S.), 564; 2 R. C. L., 608; 1 R. C. L. Supp., 586; 5 R. C. L. Supp., 104.

. Action by Edith Bryant, by her guardian *ad litem,* against the Askin & Marine Company. Judgment for plaintiff, and defendant appeals.

*Mr. E. A. Blackwell,* for appellant, cites: *As to assignment of wages:* 5 C. J., 869; 5 A. & E. Ann. Cas., 65; 70 N. E., 564; 65 L. R. A., 602. *Measure of damages for conversion:* 38 Cyc., 2089. *Punitive damages not recoverable:* 1 N. & McC., 237; 9 Am. Dec., 684; 71 S. C., 501. *As to variances in allegations of pleadings and proof:* 20 R. C. L., 177; 91 S. C., 447. *Principal not liable for torts of agent unless agent was at the time acting within actual scope of authority:* 115 S. E., 900.

*Mr. C. T. Graydon,* for respondent.

August 27, 1928.

The opinion of the Court was delivered by Mr. Justice Cothran.

This is an action for $3,000 damages, actual and punitive, in which the plaintiff recovered a judgment of $2.72 actual damages and $300 punitive, growing out of the following facts:

It is difficult to accurately classify the action; the nearest approach to a classification appears to be that it is an action "on the situation."

On November 21, 1925, the plaintiff, a young woman under age, who appears in the action by her guardian *ad litem,* went to the store of the defendant in Columbia, and purchased a coat for $16.98; as per the terms of the sale she paid $1 cash and entered into a written agreement to pay the remainder, $15.98, in weekly installments of $1. She also executed at the time an assignment of the wages due and which might become due to her as an employee of the Pacific Mills, as security. Subsequently she made payments upon her obligation aggregating $6; the last payment having been made on February 6, 1926. After crediting the last

payment, it is stated in the transcript, she owed a balance of $9.48 (why this balance was not $9.98 does not appear) ; being in default five installments.

On March 12, 1926, the plaintiff being in default four installments, the defendant filed with the Pacific Mills the assignment of wages referred to. It does not appear that the Mills formally accepted the assignment and agreed to respect it, though, from its conduct with reference to it, we may assume that it agreed to do so; nor does it appear that the defendant gave the Mills notice of the amount of its claim against the plaintiff.

The Mills recognized the assignment, and held out of the plaintiff's wages, by virtue of it, March 13, 1926, $3.30, March 20, $4.10, and April 24, $4.80, a total of $12.20, an excess of $2.72 over the balance, $9.48, admitted to be due. No report of this withholding by the Mills was made to the defendant, and not a dollar of it has been received by it. It is being held by the Mills, subject to an adjudication of the Court as to the person entitled thereto.

The plaintiff's father, acting as agent for her, testified that he went to the defendant's store and requested a release of her wages in excess of the amount due to the defendant, but that such request was refused. The complaint is based upon the theory that the *defendant* has collected more of the plaintiff's wages than it was entitled to collect. The proof is that the collection, if *withholding* can be so considered, has been made solely by the Mills; no part of it has been received by the defendant. Under the allegations of the complaint, therefore, the *defendant* cannot be charged with the collection, except upon the theory that, in the withholding by the Mills, it acted as agent of the defendant. So it is important to consider the relation which the Mills bore to the defendant, in determining the question whether the Mills acted as agent of the defendant.

The right to assign wages to be earned in the future, under a present contract of employment, has been generally recognized. 5 C. J., 869; 5 Ann. Cas., 65 (note). *Mallin v. Wenham,* 209 Ill., 252; 70 N. E., 564; 65 L. R. A., 602; 101 Am. St. Rep., 233. After notice of the assignment, the defendant was entitled to receive the accruing wages of the plaintiff, to be applied, *when received* from the Mills, upon the obligation which the assignment was given to secure. It is possible that under the case of *Parker v. Jacobs,* 14 S. C., 112; 37 Am. Rep., 724, the assignment would be deemed an equitable and not a legal one; but the distinction would be immaterial in the present case. The result, whether it be considered as a collection or a withholding by the Pacific Mills, is that the Mills became a debtor of the defendant to the extent of the wages withheld.

The defendant may have been negligent in not notifying the Mills of the amount of the account against the plaintiff, so that the Mills would not withhold anything in excess of that amount, or in not calling upon the Mills for the money as it was being withheld, and the Mills may have been negligent in not reporting to the defendant the collections as made; yet all this would not support the allegation that the defendant had willfully collected from the plaintiff an amount in excess of the account due, for it collected nothing.

The defendant unquestionably had a cause of action against the Mills for the amount withheld; the plaintiff had a cause of action against the Mills for the excess of its collections over the debt; and that is all that the situation develops, except doubtless the right of the plaintiff to force the Mills to pay to the defendant what had been held, pay her the balance, and have the assignment returned to her, a cause of action not set up in the complaint. We see no grounds upon which the plaintiff's action can be sustained, even for the $2.72 excess, against the defendant. The de-

fendant's motion for a directed verdict should have been sustained.

The judgment of this Court is that the judgment appealed from be reversed, and that the case be remanded for judgment in favor of the defendant under Rule 27.

Mr. Chief Justice Watts and Messrs. Justices Blease, Stabler and Carter concur.