12638

AMERICAN LAW BOOK CO. v. BRYSON

(147 S. E., 650)

*Mr. Wyatt Aiken,* for appellant.

*Mr. W. E. Bowen,* for respondent,

April 10, 1929.

The opinion of the Court was delivered by Mr. Justice Blease.

The defendant, while a law student at the University of South Carolina, was employed to sell Corpus Juris-Cyc for the plaintiff. He secured a total of seven orders, including his own. The plaintiff sued the defendant in the Court of Magistrate for Greenville County for the balance claimed to be owing on the account for the books purchased by the defendant from the plaintiff, amounting to $51.69. The defendant in his answer set up a counterclaim against the plaintiff for the amount the defendant claimed was due him by the plaintiff as compensation for his services as salesman.

The Magistrate found for the defendant generally. Both parties appealed to the County Court of Greenville County. The county Judge, Hon. M. F. Ansel, found in favor of the defendant a balance of $58.31. The plaintiff has appealed from the County Court to this Court.

We are bound by the findings of fact of the County Judge. *Hart v. Cook Brokerage Co.,* 135 S. C., 335, 133 S. E., 822. He found that the defendant secured six orders, which were acceptable to the plaintiff, the sales being made to Wyatt Aiken, Jr., W. E. Ackerman, T. C. McDonald, J. E. Hair, J. H. Earle, and a Mr. Rosenberg and the defendant.

The plaintiff claimed that it did not collect the purchase money for the books sold to the purchasers named, except on the sale to the defendant. It contends that under the contract the defendant was not entitled to commissions on those sales. It was shown, however, that the plaintiff made little, if any, effort to collect on the contracts secured for it by the defendant. Under the circumstances, the County Judge held that the defendant was entitled to his commissions.

The clause of the contract involved herein is as follows: "The company agrees to pay the salesman a total commission of $20.00 on all acceptable orders for complete sets of Corpus Juris-Cyc personally secured and forwarded

to the Company; and the salesman agrees to use exclusively the printed order forms prescribed by the Company. The total commission of $20.00 on orders is to be paid as follows: 'One-half of the first $40.00 or any part thereof collected on acceptable orders, payable 50% out of each dollar if when and as collected from the subscriber. The salesman agrees to make no charges whatever against the company for services rendered hereunder, other than the commissions herein provided.' "

It appears as a matter of fact, so found by the County Judge, which is conclusive on this Court, that the defendant performed all the services he agreed to perform.

The following authorities show, in our opinion, that the County Judge was correct as to the legal conclusion he reached:

"Where the agent has performed on his part all acts necessary to the performance of the contingencies or conditions, or to the accomplishment of the contemplated result, he cannot, as a general rule, be deprived of his right to compensation by the refusal of the principal to perform necessary acts on his part, whereby the contingency or contemplated result is defeated." Agency, 2 C. J., p. 768.

"In *Love v. Owens,* 31 Mo. App., 501, it is said that to permit the seller to escape his liability to the agent merely because he is willing to let the purchaser go, rather than bring a suit on a valid contract, would be to encourage injustice and open up the way for the purchaser and vendor to get off merely by one failing to comply voluntarily with his written contract and the other to enforce it  *  *  * leaving the agent without redress for the wrong done him.

"And if the principal elects to release him rather than to incur expense, etc., of litigation he cannot in equity and justice make such election at the expense of the broker. *Parker v. Walker,* 86 Tenn., 566, 570 [8 S. W., 391]. *  *  *  the question of the failure to carry out such contract is a matter that concerns only the parties to it, the one in the right having a complete remedy against the other

at fault, which he might prosecute or not as he pleases, and therefore where the contract is mutual the broker will still be entitled to his commissions. *Donohue v. Flanagan,* 28 N. Y. St. [Rep.], 757 [9 N. Y. S., 273]. * * *

"And the fact that the purchaser refuses to consummate a sale evidenced by a valid enforceable contract will not affect the broker's rights when his default is not attributable to the broker. *Guilder* [*Gilder*] *v. Davis,* 137 N. Y., 504 [33 N. E., 599] 20 L. R. A., 398." Notes to *Brackenridge v. Claridge & Payne,* 43 L. R. A., 593 (91 Tex., 527, 44 S. W., 819).

The judgment of this Court is that the judgment of the County Court of Greenville County be, and the same is hereby, affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE COTHRAN (dissenting) : This action, instituted in a Magistrate's Court, in the City of Greenville, is for $51.69, an alleged balance due to the plaintiff by the defendant, upon a contract for the sale and purchase of a set of Corpus Juris and Cyc.

It appears that on February 13, 1920, the plaintiff and the defendant entered into a written contract, by which the defendant Bryson was employed as a salesman by the plaintiff company, for the sale of the plaintiff's legal publication, known as "Corpus Juris-Cyc System," extending for the period beginning September 1, 1920, and ending July 1, 1921. The compensation of the defendant was thus fixed in the contract: "The Company agrees to pay the Salesman a total commission of $20.00 on all acceptable orders for complete sets of Corpus Juris-Cyc personally secured and forwarded to the company; and the Salesman agrees to use exclusively the printed order forms prescribed by the Company. The total commission of $20.00 on orders is to be paid as follows: One-half of the first $40.00 or any part thereof, collected on acceptable orders, payable 50% out of

each dollar if when and as collected from the subscriber. The Salesman agrees to make no charges whatever against the Company for services rendered hereunder other than the commissions herein provided."

Proceeding under the contract, the defendant obtained orders from various persons, for six sets of the plaintiff's publication and himself gave an order for a set.

These orders were transmitted to the plaintiff and accepted.

It appears from the order of the trial Judge that, of the six orders (other than that of the defendant himself), only one was paid for according to its terms; upon one other a payment of $10 only was made; and that the other four orders were not filled, all having been canceled by the subscribers, and acceptance of the books declined upon offers of delivery.

By what appears to have been a side agreement, the defendant was entitled to credit upon his account for the commissions to which he might become entitled from time to time.

The order of the defendant was dated February, 19, 1920; the books were delivered to him and accepted, the

Bill amounting to . . . . . . . . . . . . . . . . . . . . . . . . . . . .$272.00
To this is added interest . . . . . . . . . . . . . . . . . . . . . . .    19.69

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$291.69
Upon it the defendant has paid in cash . . . .$210.00
And has been allowed commissions of . . . .   30.00
———— 240.00

Balance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ 51.69
—for which the suit was brought.

(Note.—There is a typographical error in the order of his Honor, Judge Ansel, as printed in the transcript. The amount of the bill is stated as $91.69, when it should have been $291.69.)

The defendant contends that he is entitled to commissions of $20 upon each of the seven contracts, making $140.00, or

$110 additional credit, which would leave the plaintiff in debt to him, the difference between $110.00 and $51.69, $58.31.

The case was tried before the magistrate, who rendered judgment for the defendant, allowing him nothing upon the counterclaim or claim of payment. From this judgment both sides appealed to the County Court. Upon hearing by his Honor, Judge Ansel, he filed a decree sustaining the appeal of the defendant, and rendering judgment in his favor against the plaintiff, for $58.31, holding that under his "construction of the contract, the defendant was entitled to commissions of $20.00 on each of the" sets, seven in all. From this judgment the plaintiff has appealed.

The sole question in the appeal is as his Honor, Judge Ansel, states, *upon the construction of the contract* of employment, whether the defendant was entitled to commissions of $20.00 upon each of the contracts, regardless of the fact that four of the six contracts were canceled by the subscribers and no action taken by the plaintiff to enforce compliance.

There does not appear to be a single controverted issue of fact in the case, which would give conclusive force to a finding of fact by the Trial Court.

The total amount of the bill, $291.69; the amount of the payments made by the defendant, $210; the amount of commissions allowed and credited to the defendant, $30.00; the number of orders secured by the defendant (seven in all, including his own); that the orders secured and sent in were accepted by the plaintiff; that the defendant performed all of the services he agreed to perform—were all matters of fact, uncontroverted by the plaintiff and therefore not issues in the case.

Nothing was at issue except the right of the defendant to payment of commissions upon all seven of the orders (including his own); an issue of law to be determined upon a construction of the contract.

The terms of the contract between the plaintiff and the defendant are as definite and specific as they could be made, regulating the payment of commissions:

"The total commission of $20.00 on orders is to be paid as follows: 'One half of the first $40.00 or any part thereof collected on acceptable orders, payable 50% out of each dollar *if when and as collected* from the subscriber. The salesman agrees to make no charges whatever against the company for services rendered hereunder, other than the commissions herein provided.' "

Clearly, I think, an agreement for commissions upon the contingency not only that the orders be secured by the agent and accepted by the seller, but that the agent should be entitled upon his commissions of $20 on each order, only to 50 per cent. of the collections made.

In 2 C. J., 767, it is said: "Frequently the agent's right to compensation, whether by way of commissions or salary, is made to depend upon various contingencies and conditions, or upon the accomplishment of a certain result, and to entitle him to compensation where this is the case, such contingencies and conditions, or contemplated result, must as a general rule first be performed or accomplished."

I do not at all controvert the proposition announced in the quotation from 2 C. J., 768, contained in the opinion of Mr. Justice Blease: "Where the agent has performed on his part all acts necessary to the performance of the contingencies or conditions, or to the accomplishment of the contemplated result, he cannot, as a general rule, be deprived of his right to compensation by the refusal of the principal to perform necessary acts on his part, whereby the contingency or contemplated result is defeated."

There are two quite sufficient reasons why this proposition is not applicable to the present situation: (1) The failure of the purchasers to comply with their contracts has not been caused by "the refusal of the principal to perform

necessary acts on his part, whereby the contingency or contemplated result is defeated." As I shall endeavor to show, the contracts were executory contracts, not containing a stipulation denying the right to countermand; the purchasers had the legal right to terminate them, subject to accountability for damages. (2) The contract specifically provides that the agent shall be paid commissions, only out of *collections* made upon the several orders accepted by the plaintiff.

All of the authorities quoted in the opinion of Mr. Justice Blease presuppose the existence of a valid enforceable contract and voluntary action on the part of the seller releasing the purchaser. If the purchaser has the legal right to countermand the order and does so, how can it be said that the seller had a valid enforceable contract and of his own volition, not compelled thereto, released the purchaser from his obligation. The right to countermand and the right to enforce are utterly inconsistent.

Even if the contract between the plaintiff and the defendant had contained no such limitation upon the agent's right to commissions, I do not think under the executory character of the orders secured by the agent that there can be a doubt of the purchasers' right to countermand the orders; a right the defendant is assumed to have contracted with the plaintiff with reference to; and that they having exercised that right the sales were the same as if they had never been made; the defendant therefore would be entitled to no commissions thereon.

In the case of *Oxweld Co. v. Davis,* 115 S. C., 426, 106 S. E., 157, it is said: "After the order has been accepted by the seller and the proposal thereby becomes an executory contract, in the absence of an express stipulation in the contract to the contrary, the buyer may before delivery recall the order and stop performance on the other side by an explicit direction to that effect, though he thereby subjects himself to the payment of such damages as will compensate

the other party for the loss he may have sustained by reason of having his performance of the contract checked."

This case has been reaffirmed in many cases. In the case of *Carroll v. Cash Mills*, 125 S. C., 332, 118 S. E., 290, the Court said: "Until the machinery had been delivered, it was within the power of either party to recall the order or stop performance. Of course, the party who broke the contract would be liable in damages for such breach."

There is nothing in the contract which takes it out of this rule.

See, also, *Bjorneby v. Minneapolis Threshing Mach. Co.*, 55 Mont., 287, 176 P., 617.

Assuming that the defendant is entitled to a commission of $20 upon the order which he sent in for himself, that he is also entitled to $20 upon the contract which was fulfilled, and to $5 upon the payment of $10 made by one of the other purchasers, the total amount to which he is entitled is $45.

Of these commissions the defendant has already received credit for $30, leaving the balance of the amount sued for, $59.61, subject to a credit of the difference between $45 and $30, $15, making due by the defendant to the plaintiff the difference between $59.61 and $15, $44.61, which in my opinion is the most favorable construction to the defendant possible.

I think that the judgment of the County Court should be reversed and that the case should be remanded to that Court with direction to enter a judgment in favor of the plaintiff against the defendant for $44.61 with interest from March 7, 1928.

If the plaintiff should hereafter make collections upon any of the orders, the defendant should have the right to demand an account thereof, as per terms of contract, upon his commissions.