12716

RAINWATER v. BONNETTE *ET AL.*

(149 S. E., 254)

476

480

*Messrs. P. H. Arrowsmith,* and *P. H. McEachin,* for appellant,

*Mr. F. L. Willcox,* for respondents,

August 13, 1929.

The opinion of the Court was delivered by Mr. Justice Blease.

This action concerns the law as to usury. The plaintiff claimed he bought from the defendant Bonnette certain wages to become due to him as an employee of his co-defendant, railroad company. He asked for an *accounting* on the part of the railroad company, and for judgment for the amount of his claim.

The defendants, in their respective answers, alleged that the transaction between the plaintiff and Bonnette was not

a *bona fide* sale of Bonnette's wages to the plaintiff, but in reality the plaintiff had loaned $50 to Bonnette at a rate of interest of 240 per cent. per annum; and that Bonnette was entitled to judgment on a counterclaim he set up against the plaintiff for the sum of $164, on account of usurious interest accepted by the plaintiff and paid by Bonnette.

By consent of all the parties, his Honor, Circuit Judge Featherstone, heard the case without a jury. He rendered judgment in favor of the defendant Bonnette against the plaintiff for the sum of $92. His decree, as well as the alleged contract between the plaintiff and Bonnette, will be reported.

There are ten exceptions in the appeal. Without passing upon each of them separately, we will dispose of the questions they make.

Some of the exceptions complain of the admission of testimony from several witnesses as to the transactions which occurred between the plaintiff and Bonnette at or previous to the execution of the written instrument, on which the suit was based; the plaintiff contending that the testimony was irrelevant and improperly received, because it tended to vary and contradict the terms of the written contract. The evidence complained of was properly received.

"As a general proposition where the inquiry is whether a contract is usurious it is open to evidence dehors the written agreement to show that, though legal on its face, it was in fact an illegal agreement. Otherwise the very purpose of the law in forbidding the taking of usury under any cover or pretext would be defeated." 27 R. C. L., 212.

All the leading authorities, too numerous to mention, sustain this rule of evidence.

The appellant charges error on the part of the trial Judge in admitting testimony of several witnesses as to their transactions with the plaintiff, which were

alleged to be similar to the transactions had by Bonnette with the plaintiff. It is not necessary to pass upon the question raised by these exceptions in properly determining the appeal. Even if there was error in this regard, which we do not at this time concede in view of the circumstances of the case, such error was not prejudicial to the appellant. There was plenty of competent testimony to sustain the findings of the Circuit Judge that the transaction was not a *bona fide* sale or assignment of wages on the part of Bonnette, but that the whole scheme was an attempt on the part of the plaintiff to evade the usury laws of this state.

What has already been said disposes of the appellant's contentions that there was no evidence to sustain the decree of Judge Featherstone that the transaction was usurious, and that he committed error in sustaining the counterclaim of the defendant Bonnette. The paper introduced in evidence, which Bonnette signed, is almost enough, without any testimony, to expose the plaintiff's scheme. It is another case where "The lady doth protest too much."

The appellant seems to rely strongly upon two of our cases recently decided, but we cannot see where they benefit him in any way. It is true, as pointed out by appellant, in *Bryant v. Askin & Marine Co.*, 146 S. C., 520, 144 S. E., 231, we held that wages to be earned in the future, under a present contract of employment, may be assigned. We did not hold, however, in that case that any contract purporting on its face to assign such wages could legally be used to cover up a scheme of usury.

The case of *Hart v. Cook Brokerage Co.*, 135 S. C., 335, 133 S. E., 822, depended upon by the appellant, cannot avail his cause. The plaintiff there alleged that a paper executed to him by the defendant, showing on its face an assignment of wages, was simply a scheme to cover up an usurious loan transaction. The defendant denied that allegation. The case, one strictly at law, was tried in a Magistrate's Court, and the Magistrate found on the facts against the plaintiff's

contention. That finding was affirmed by the Circuit Court on appeal. In this Court the only thing we determined was that the findings of fact by a Magistrate, concurred in by the Circuit Court on appeal, were not reviewable by this Court.

The judgment of the Court is that the judgment below be and the same is hereby affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.