10237

### DINGLE v. NORTHWESTERN R. CO. OF SOUTH CAROLINA.

(99 S. E. 828.)

1. Appeal and Error— Matters Reviewable— Findings of Fact.— Findings of fact by the Circuit Court, on appeal from the magistrate's Court, cannot be reviewed in the Supreme Court.

2. Appeal and Error—Review—Questions of Fact.—The Circuit Court his jurisdiction, under Code Civ. Proc., sec. 407, on appeal from the magistrate's Court, to reverse the findings of fact.

3. Appeal and Error—Determination of Cause—Dismissal.—Where the Circuit Court Judge, on an appeal from a judgment for plaintiff in the magistrate's Court in a personal injury action, found that defendant was not guilty of negligence, he properly dismissed the complaint.

Before Townsend, J., Clarendon, Spring term, 1918. Affirmed.

Action by Jasper Dingle against the Northwestern Railroad Company of South Carolina. Judgment for defendant, and plaintiff appeals.

*Mr. J. J. Cantey,* for appellant, submits: *The Circuit Judge having held that there was no evidence of negligence on the part of the defendant-respondent, the order appealed from is a legal one and the Supreme Court has jurisdiction:* 107 S. C. 502. *The doctrine of sudden peril excuses one from contributory negligence:* 82 S. C. 75. *The question of sudden peril is for the jury:* 81 S. C. 339. *A railroad engineer is required while driving his engine to keep his eyes wide open, so that no harm can come to others, if he can reasonably prevent it:* 57 S. C. 210. *As to what is a traveled place is a question for the jury:* 75 S. C. 290. *Negligence on the part of the defendant is a question for the jury:* 105 S. C. 301. *The Circuit Judge having erred as a matter of law in dismissing the complaint, the Supreme Court should correct the error by restoring the verdict of the jury:* 92 S. C. 305.

*Messrs. Purdy & O'Bryan,* for respondent, submit: *The Circuit Judge had authority to reverse the verdict of the jury:* Code of Civil Procedure 1912, sec. 407; 35 S. C. 569; 50 S. C. 110. *Plaintiff was not injured while a public crossing or traveled place within the meaning of section 3222, of vol. I of the Code of Laws. A railroad company does not have to give the signals except at public crossings:* 104 S. C. 107. *The Circuit Court had authority to dismiss the complaint:* 50 S. C. 110. *There being testimony to sustain the findings of the Circuit Judge, such findings of fact are conclusive upon this Court:* 79 S. C. 198; 108 S. C. 171.

July 14, 1919.

The opinion of the Court was delivered by Mr. JUSTICE FRASER.

The plaintiff was walking on a path along the railroad track of the defendant company. The plaintiff alleges that while he was walking along this path, that had been used for many years, a train of the defendant came suddenly upon him; that he jumped out of the way and caught a limb to keep him away from the passing train; that the limb broke, and he fell against the train and was injured.

The case was tried in a magistrate's Court. The jury found a verdict against the defendant. It appealed to the Circuit Court. The Circuit Court reversed the magistrate's Court on the facts, and dismissed the complaint.

The plaintiff appealed with three exceptions.

1    This Court has no jurisdiction to review the findings of fact by the Circuit Court.

The first question of law is as to the jurisdiction of
2    the Circuit Court to reverse the findings of fact by the magistrate's Court.

Section 407, Code of Civil Procedure, provides: "In giving judgment, the Court may affirm or reverse the judgment of the Court below, in whole or in part, and as to any or all the parties and for errors of law or fact."

The Circuit Court had jurisdiction to reverse the findings of fact, and the findings of fact by the Circuit Court, on appeal from the magistrate's Court, is final.

3      That the Circuit Judge erred, as a matter of law, in dismissing the complaint.

When the Circuit Judge found that the defendant was not guilty of negligence, there was nothing left in the case, and a dismissal of the complaint was the only thing he could do.

The judgment appealed from is affirmed.