15983

WRIGHT v. RITZ THEATRE CO. ET AL.

(44 S. E. (2d) 308)

*Messrs. Wyche, Burgess & Wofford,* of Greenville, for Appellant,

*Messrs. Leatherwood & Walker,* of Greenville, for Respondents,

August 29, 1947.

STUKES, J.: Appellant leased in writing to the respondents, or some one or more of them, the premises at the southeast corner of North Main Street and East North Street in the City of Greenville, used for the operation of a moving picture theatre, first for a period of five years commencing June 1, 1934, then for another term of five years from November 1, 1939, and finally, by written extension of the last mentioned lease, for an additional period of two years which expired by its terms on October 31, 1946. On November 1, 1946, appellant commenced this ejectment proceeding in the court of a magistrate.

The defendants, now respondents, defended, by oral answer and appearance, upon the ground of an alleged extension for one year of the last written lease, which expired October 31, 1946, by parol agreement had by them with appellant early in April, 1946. At this time the former corporation, Ritz Theatre Company, had been dissolved and the individual respondents, father and two sons, claim the benefit of the alleged oral lease-extension as partners.

The hearing before the magistrate was by consent without a jury and a considerable amount of testimony was taken. He found the factual issue against the tenants and ordered them to vacate the premises. After his refusal of motion for a new trial they appealed to the Greenville County Court. That Court reversed the finding and judgment of the magistrate and held that the evidence established the alleged

parol extension agreement which was valid under section 7 of Act No. 873 approved April 3, 1946, 44 Stat. 2584, and dismissed the proceeding. The appeal to this Court is upon exceptions which attempt to challenge the factual findings of the County Court and also attack the legal conclusion, and assert the invalidity of the claimed parol extension of the lease because it was for a term of one year which was to commence in the future and possession was not given under it.

In an action for possession, such as this, appeal is authorized by Sec. 29 of the act of 1946 (44 Stat. 2588) which is as follows: "Either party may appeal in an ejectment case and said appeal shall be heard and determined as other appeals in civil cases from the Magistrate's Court." The pertinent general statutes are found in Chapter 47, Vol. I of the Code of 1942, pages 597 *et seq.* Under the provisions of them the County Court had plenary jurisdiction to review the factual and legal findings of the Magistrate. This Court, however, is without jurisdiction to reverse the findings of fact of the County Court if there was any supporting evidence. Here there was. *Jenkins v. Southern Railway,* 73 S. C. 289, 53 S. E. 480; *Ibid.,* 73 S. C. 292, 53 S. E. 481; *A. & E. Leather Goods Co. v. Sentz,* 87 S. C. 267, 69 S. E. 390; *Dingle v. N. W. R. Co. of S. C.,* 112 S. C. 390, 99 S. E. 828. In so far as the present appeal relates to the facts it clearly cannot be sustained. Consequently the conclusion that the landlord verbally agreed in April, 1946, to an extension of the existing written lease to respondents for a period of one year from its expiration on the following Oct. 31st must be accepted in the consideration of the legal aspect of the appeal.

Appellant argues the latter as making three questions but they are all included in the following: May a valid and enforceable parol lease of real estate be made for a period of one year to commence in the future? It is necessary to find the answer in the construction of sections 7 and 8 (44 Stat. 2585) of the Act of 1946 which are:

"7. A tenancy for not to exceed one year may be created by oral agreement.

"8. Any agreement for the use or occupation of real estate for more than one year shall be void unless in writing."

Appellant has made an ingenious argument to the effect that the legislature should be held to have used the word "tenancy" in section 7 in its established legal meaning (*Simon v. Kirkpatrick,* 141 S. C. 251, 139 S. E. 614, 54 A. L. R. 1348) which implies occupancy, so that the tenant must have been permitted by the landlord to enter into possession of the premises under the terms of the parol lease in order to come within the protection of section 7 and have a valid lease for a year in addition to the written lease period. With this the Chief Justice and the writer of this opinion agree and think such conclusion consonant with the rules stated with discriminate care in the (formerly) leading case of *Hillhouse v. Jennings,* 60 S. C. 392, 38 S. E. 596. However, the majority of the court have concluded to the contrary and the reasons moving them will be briefly stated.

The word "created" in section 7 means the bringing into being of something which did not exist before. If possession were necessary and already existed, there would be no creation in that sense of a tenancy, for the possession here contemplated implies some sort of landlord-tenant relation. The intent of section 7 would therefore appear plainer if it read: "An agreement of tenancy for not to exceed one year may be made by parol."

Section 8 requires writing in the case of an agreement for a tenancy of more than one year, thereby implying validity if the agreed tenancy be for not more than a year. The time limit refers to the occupancy, not the period from the parol agreement to the end of the term. This is true because neither section includes the requirement that time shall be calculated from the date of the making of the agreement, which is appellant's contention.

The omission is significant in view of the history of legislation of this nature. Something of this interesting history, English and American, is found in Thompson on Real Property, Vol. 2, pp. 243-5, Sec. 1174, and in the annotation in 111 A. L. R. 1465. From the cited section of Thompson the following is quoted: "Where the words 'from the making thereof' in an earlier act were omitted from a later one, it has been held that the prohibition against parol leases applied to the length of the term and not to the time of beginning. So that a verbal lease to begin *in futuro* but not to last more than a year from the time of beginning is not invalid. In some states a parol agreement to let real estate for the term of one year, to commence *in futuro,* is valid, because when the legislature reduced the parol lease period from three to one year, it took away the words 'from the making thereof', and because the term does not begin till the lessee obtains right of possession. So, a parol lease or a parol agreement to lease for a term not exceeding one year is valid without regard to the time when the term is to commence."

The practical side of the problem has influenced the construction arrived at by the majority of the court. It is common knowledge that most leases of real estate take effect in the future. In only rare cases does the lessee take possession simultaneously with the making of the lease. It is unfair to infer that the legislature, with knowledge of these facts, intended to make a parol lease for a term of one year enforceable only in the event that the lessee was permitted by the landlord to enter into possession. It would be almost like putting salt on a bird's tail in order to capture it.

It is repeated that the case is governed by application of the terms of the Act of 1946. It is a rather full declaration of the law of landlord and tenant, rights and remedies, and largely renders obsolete the former statutes and decisions upon the subject. Section 50 (44 Stat. 2591) contains express repeal of 10 sections of the Code of 1942 by specific references to the numbers of the sections;

and in addition there is the usual general repeal of other inconsistent laws. It could hardly be broader in this respect.

For the reasons stated the exceptions are overruled and the judgment affirmed.

BAKER, CJ., and FISHBURNE, TAYLOR and OXNER, JJ., concur.