16028

BARKSDALE v. HINSON

(46 S. E. (2d) 170)

*Mr. W. H. Nicholson, Jr.,* of Greenwood, for Appellant,

*Messrs. Grier, McDonald, Todd & Burns,* of Greenwood, for Respondent,

January 10, 1948.

STUKES, Justice: Appellant was ejected from a building in the City of Greenwood under the following circumstances. His occupancy was under a written lease for one year from February 10, 1946, which provided for a monthly rental of sixty dollars. It was negotiated by Citizens Trust Company as agent for the owner. On February 8, 1947, without the knowledge of the rental agent, appellant entered into a parol lease for an additional year with the owner of the property, at a monthly increase of five dollars. Still without knowledge of the new oral lease, the agent concluded with respondent a sale of the property on February 15th and deed therefor was recorded on February 17th.

The respondent-purchaser dealt solely with the owner's agent and knew of appellant's occupancy, but made no inquiry of him or the vendor concerning it. Instead he was told by the agent that appellant's tenancy was on a month to month basis since expiration of the written lease and he was shown a copy of a letter from the agent to appellant, dated Feb. 8, advising of that status and also copy of a later letter of Feb. 11, delivered to appellant on Feb. 15, which contained notice of sale of the property and requested appellant to vacate it by March 15. Respondent had the records searched prior to completion of his purchase and was advised by his attorney that there was no lease of record.

The ejectment proceedings before the Magistrate were resisted by appellant upon the ground of his parol lease from

the then owner of the property for another year commencing Feb. 10, 1947. The case was heard by the Magistrate without a jury and he concluded that the rights of the parties were governed by Section 48 of the Landlord and Tenant Act of April 3, 1946, 44 Stat. 2584, which provides: "In order to give notice to third persons any lease or agreement for the use or occupancy of real estate shall be recorded in the same manner as a deed of real estate." Accordingly, he held that in the absence of a recorded lease and in the absence of actual notice of the existing parol lease the purchaser, the respondent here, was not bound by the terms of the latter and was entitled to ejectment of the tenant, which was ordered. Upon appeal to the Court of Common Pleas the judgment of the Magistrate was affirmed in a formal order, whence the present appeal to this Court.

Section 8 of the Act of 1946 is to the effect that a verbal lease of real estate for more than one year shall be void, which implies validity of a parol lease for one year or less. But validity does not depend only upon this implication of the Act for the preceding section provides that a tenancy for not to exceed one year may be created by oral agreement. This was construed to apply to and render valid an oral agreement of tenancy for not to exceed one year even commencing in the future, that is commencing subsequent to the time of the agreement. *Wright v. Ritz Theatre Co.,* S. C., 44 S. E. (2d) 308. In the cited case there was not involved the right of a purchaser of the property or other "third person" who was without actual notice of the existing parol lease, which is the problem now presented.

In *Wright v. Ritz Theatre Company, supra,* the comprehensive nature of the Act of 1946 was referred to and the repeal section was cited. In it, Section 50, certain prior statutes were repealed by specific reference to their section numbers in the Code of 1942 and all other laws inconsistent with the provisions of the new act were also expressly repealed. However, there was no direct reference to the existing law contained in section 8875 of the Code of 1942 which

requires that, in order to bind a subsequent creditor or purchaser for valuable consideration without notice, "all leases or contracts in writing made between landlord and tenant for a longer period than twelve months" shall be recorded. As stated, this statutory provision was not expressly repealed and may be properly held to have been repealed by the Act of 1946 only if inconsistent with the provisions of the latter. As here construed by the lower court inconsistency was found in the terms of Section 48 of the new act which contains the provision, already stated hereinabove, that in order to give notice to third persons any lease of real estate shall be recorded similarly to a deed.

However, it appears that if the new law had intended to have the effect found by the Magistrate the provision of Code Section 8875, which has been mentioned, would have been expressly repealed. Without retention of it there would be inconsistency between Sections 7 and 8, on the one hand, and Section 48, on the other, of the new act itself. As pointed out, a tenancy for not exceeding one year is expressly authorized to be entered into by oral agreement under Section 7 of the Act of 1946. The immediately succeeding section, number 8, requires writing only in the case of a lease for a period of more than one year. The requirement of recording contained in Section 48 would be entirely vain with respect to the expressly authorized oral leases not exceeding the term of one year. Section 7. It is quite apparent that there would be little value to an oral lease which would be ineffective against a subsequent purchaser of the property who was without actual notice of it.

Respondent's contention is that the validity of a parol lease does not extend to a "third person" without notice, but this is unreasonable in view of the ancient and almost universal practice in this State of the creation by parol of tenancies not exceeding one year of farm, residential and business properties, which, of course, need not be recorded in order to bind all persons dealing with the property. *Ruff v. Columbia Ry., Gas & Electric Co.,* 109 S. C. 312, 96 S.

E. 183. It is well known that this practice is particularly prevalent in the case of farm tenancies. Under respondent's contention a tenant-farmer under a verbal lease for one year might be ejected in the midst of the crop-growing season unless he were able to prove actual notice of his right to a purchaser of the farm. The custom is engrafted in the ways of our people by reason of the validity from the earliest times of oral leases for a year or less and there has naturally been no statutory requirement of recording such a lease. Code, Sec. 8875 is expressly to the contrary of such requirement. See the interesting first application in a reported case of the statute relating to leases, enacted in 1817, in *Page v. Street,* Speers Eq. 159. Apparently before that there was no authorization for the recording of a lease, however long its term.

Surely if it had been the legislative intent to upset this long-established practice by the enactment of 1946 it would have been clearly and unmistakably expressed and the applicable provision of the general recording statute, Section 8875 of the Code of 1942, would have been directly repealed. Reading the latter with the pertinent sections of the Act of 1946, which have been cited, it appears that the recording of a lease or contract between landlord and tenant for a period not exceeding one year is still unnecessary in order to bind a subsequent purchaser of the property without notice, simply because it need not be in writing.

That the revolutionary change in the law of landlord and tenant implicit in the decision under review was not intended by the Act of 1946 is seen from consideration of the relevant sections side by side, as follows: (7) A tenancy for not to exceed one year may be created by oral agreement. (8) Any agreement for the use or occupation of real estate for more than one year shall be void unless in writing. (48) In order to give notice to third persons any lease or agreement for the use or occupancy of real estate shall be recorded in the same manner as a deed of real estate. The "lease or agreement for the use or occupancy" of Sec. 48

is the "agreement for the use or occupation" of Sec. 8 which is required to be in writing, not the "oral agreement" for a "tenancy for not to exceed one year" of Sec. 7.

Legislative intention is of course the goal of statutory construction. We think it will be attained in this instance by reversal of the judgment of the lower court.

Reversed.

FISHBURNE, J., Concurs.

BAKER, C. J., and TAYLOR and OXNER, JJ., concur in result.

OXNER, Justice (concurring).

The respondent on this appeal does not qualify as a *bona fide* purchaser for value. At the time he purchased the property appellant was in possession under an oral lease for a period of one year. This was sufficient to put respondent on inquiry which, if followed up, would have disclosed the verbal lease. Finding appellant in possession, it was respondent's duty to inquire of him by what right he claimed to hold possession and such inquiry would have led to notice of the lease which the tenant is now setting up. This appeal does not, therefore, involve the question of whether a *bona fide* purchaser without notice is bound by a verbal lease made by the seller where the tenant has not entered into possession. I prefer to leave that question entirely open but am not altogether sure that the opinion of Mr. Justice Stukes does so. Entertaining some doubt as to the construction which may be placed upon the opinion of the Court, I limit my concurrence to the result.

BAKER, C. J., and TAYLOR, J., concur.