## 17426

Clyde V. LAUGHLIN, Respondent, v. Langdon A. LIVINGSTON, Appellant

(103 S. E. (2d) 741)

*Messrs. Hayes & Hayes,* and *Simrill & Simrill,* of Rock Hill, *for Appellant,*

*Messrs. Roddey & Sumwalt,* of Rock Hill, *for Respondent,*

*Messrs. Hayes & Hayes,* and *Simrill & Simrill,* of Rock Hill, *for Appellant, in reply.*

May 14, 1958.

STUKES, Chief Justice.

This is a proceeding in ejectment which was brought under Section 41-101 *et seq.* of the Code of 1952. The case was tried by the magistrate without a jury. He held in a well-considered order, dated July 25, 1957, that the defendant was a tenant from year to year and plaintiff-landlord, having refused to extend the lease after its expiration on July 1, 1957, was entitled to possession and the defendant was ordered to vacate the premises.

Within five days after notice of the judgment of the magistrate (Sections 7-302 and 41-112 of the Code) the attorneys for the defendant served written notice of appeal to the Court of Common Pleas upon the ground, quoting from the notice, "that the court erred in finding that the defendant had a legal right to renew the lease for only one (1) additional year and in failing to find that the lease agreement was an incident to the sale of a liquor business and that the defendant has a right to renew the lease for as many years as he operates the business sold by virtue of the contract in question upon payment of the agreed rental and during the lifetime of the parties to the contract." (This ground is not preserved in the exceptions on appeal to this court and, therefore, is not for decision here.)

On August 9, 1957, respondent's attorneys addressed a letter to the circuit judge advising that they and appellant's attorneys had discussed tentative dates for hearing before him of the appeal; that appellant's counsel would be away until August 26 and the attorneys had tentatively agreed upon August 28 as a convenient time for the hearing of the appeal; and at the request of appellant's counsel inquiry of the judge was made as to whether that date would be agreeable to him. The judge replied by letter dated August 15th that the suggested date, August 28, was agreeable and a copy of the judge's letter was sent by him to appellant's counsel. Respondent's attorneys confirmed receipt of the

judge's letter by letter to appellant's counsel dated August 16. Counsel for appellant and respondent appeared before the judge on August 28 and argued the appeal which the court dismissed orally (which was confirmed by formal order dated August 30). Thereupon appellant's counsel served upon respondent's attorneys notice of motion for new trial, which purported to be pursuant to Section 7-316 of the Code, and upon counsel's affidavit which, in effect, attempted to add a new ground of appeal from the judgment of the magistrate, to wit, that the latter had refused to take testimony upon the terms of the lease, whereas plaintiff (*sic*) had intended to introduce evidence clarifying the terms of the lease which was ambiguous on its face, whereby there was no record of testimony upon which the defendant might base his appeal from the findings of the magistrate. By order dated September 20 the court denied the motion for new trial, finding that the record did not disclose refusal of the magistrate to hear testimony offered by the defendant.

Appellant's questions on appeal will be copied from his brief and discussed *seriatim*.

1. Where no return of the testimony, proceeding and judgment is made and filed in the appellate court by the trial magistrate as required by and within the time prescribed by Sec. 7-306 of the Code of Laws of South Carolina 1952, and is not thereafter made and filed, and the statutory procedure for both bringing the appeal to a hearing and for the actual hearing itself is not followed, can the Court of Common Pleas exercise appellate jurisdiction in an appeal from the magistrate court?

Appellant had as much to do with bringing the appeal to a hearing before the court as did respondent and is, therefore, not in position to complain. Correspondence between counsel and court has been mentioned *ante*. No point of the matters referred to in this question was made before the court which heard the appeal upon the order of the magistrate, transcript of the proceedings before the latter, and

the exhibits. The official circuit court stenographer recorded and transcribed the proceedings before the magistrate and the verity of the transcript is not questioned. It is said that only a copy of the lease was before the court, but it turned out that the original was in the possession of appellant's counsel who could have produced it if he thought it necessary. Again no question thereabout was made at the hearing of the appeal. Such participation of counsel without objection constituted waiver of the claimed irregularities in the proceedings, record, and hearing upon appeal. The last sentence of Sec. 7-306 provided appellant a remedy with respect to formal return, if he had felt himself to be aggrieved: "The return may be compelled by attachment."

There is another consideration which militates for affirmance. If the appeal and proceedings in the circuit court should be held to be of no effect, which seems to be appellant's contention, the judgment of the magistrate would remain, unaffected by the appeal, and the appellant would be no better off.

2. Did the court err in refusing appellant's motion for a new trial because the grounds for the motion were not contained in the notice of appeal or were contrary to the grounds stated therein? If so, does the same constitute an abuse of discretion?

3. Did the court err in failing to find in the record a refusal on the part of the magistrate to hear any evidence of the defendant-tenant? If so, does the refusal of appellant's motion on this ground constitute an abuse of discretion?

The above questions 2 and 3 will be considered together because the only ground of the motion for new trial was the claimed refusal of the magistrate to take the testimony of the defendant-appellant which, it is claimed, would have clarified the terms of the lease. The proceedings before the magistrate are in the record here and, like the circuit judge, we find no ruling of the magistrate that the defendant could not offer testimony. During the

hearing before him the magistrate inquired of appellant's counsel whether it was his contention that the lease "could run on forever", to which counsel replied, "I can bring it out by testimony" (presumably of appellant) that respondent told appellant that the latter could have possession of the premises as long as he desired. The magistrate replied, "That would be void if he told him that. It would be void for the violation of fraud (*sic*)." After further exchange between court and counsel, counsel did not call appellant to the stand or offer him or any other as a witness. On the contrary, the hearing was concluded and the magistrate took the case under advisement, later deciding, by order dated July 25, 1957, that the written lease was for a tenancy from year to year which plaintiff had the right to terminate by timely notice which he had given. Appellant's counsel made no objection to the adjournment of the hearing and, as already said, did not offer appellant or any other as a witness. Irrespective of its admissibility, error cannot be predicated on appeal upon the exclusion of evidence under these circumstances. "The general rule is that an exception to the exclusion of evidence must be predicated upon an actual offer of proof, which offer is made, ordinarily, by propounding to a witness a pertinent question and upon objection thereto, stating to the court what the testimony of the witness would be if he were permitted to answer." 3 Am. Jur. 97, Appeal and Error, sec. 354; *Legrande v. Legrande,* 178 S. C. 230, 182 S. E. 432, 102 A. L. R. 582. Compare *Chandler v. People's Nat. Bank,* 140 S. C. 433, 138 S. E. 888. We do not examine the admissibility of evidence of the nature alluded to in counsel's statement to the magistrate.

4. Is it essential to an appeal that exceptions to the court's rulings be noted during the course of the trial and that all exceptions be contained in the notice of appeal? If not, does the refusal of appellant's motion for a new trial on this ground constitute an abuse of discretion?

It is unnecessary to determine whether a ground for new trial under Section 7-316 of the Code is unavailable if not

contained in the notice of appeal from the judgment because the court, in this instance, fully considered the ground of the motion for new trial and found it to be without merit, with which we agree for the reasons which have been stated.

5. Did the court err in refusing to grant appellant a new trial because the record in the lower court, containing only plaintiff-landlord's testimony, was defective? If so, does the same constitute an abuse of discretion?

The record made before the magistrate, upon which appeal from his decision was heard by the court, cannot be said to be defective because it did not contain testimony in behalf of appellant which he did not offer; he did not even take the stand as a witness or call any other. There was no objection by his counsel to the adjournment of the hearing before the magistrate. A trial record can hardly be said to be defective which contains a stenographic transcript of all the proceedings before the trial court, as this does.

The exceptions are overruled and the orders appealed are affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.