0055

VACATION TIME OF HILTON HEAD ISLAND, INC., Respondent, v. KIWI CORP., Appellant.

(312 S. E. (2d) 20)

Court of Appeals

*James M. Herring* of *Herring, Meyer & Palmer*, Hilton Head Island, *for appellant.*

*Drew A. Laughlin* of *Bowen, Cooper, Beard & Smoot*, Hilton Head Island, *for respondent.*

Jan. 30, 1984.

SHAW, Justice:

This is an ejectment action. The Magistrate ruled that appellant-Kiwi was entitled to retain possession of the leasehold premises. The Circuit Court Judge, sitting without a jury and making his decision based on the record and on the argument of each parties' counsel, reversed the Magistrate's decision and ordered that Kiwi vacate the leasehold premises for failure to make timely rental payments as required by the lease. For the following reasons, we affirm.

Initially, we note that the scope of review in the situation of an appeal from Magistrate's Court to the Court of Common Pleas to an appellate court is not specifically dealt with in the case of *Townes Associates v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). After an exhausting review of the statutes applicable to ejectment proceedings first heard in Magistrate's Court and the cases interpreting those statutes, we conclude that this court is without jurisdiction to reverse the findings of fact of the Circuit Court if there is any supporting evidence. *Wright v. Ritz Theatre*, 211 S. C. 161, 44 S. E. (2d) 308 (1947); *Hart v. Cook Brokerage*, 135 S. C. 335, 133 S. E. 822 (1926); *Dingle v. Northwestern R. Co.*, 112 S. C. 390, 99 S. E. 828 (1919); *Redfern v. Douglas*, 35 S. C. 569, 15 S. E. 244 (1892).

While it is true that Section 27-33-40 gives concurrent jurisdiction to the Circuit Courts and to Magistrates in ejectment proceedings, the Circuit Courts still have appellate jurisdiction over ejectment cases initially heard by a Magistrate. Sections 27-37-120, 14-5-340 and 18-7-170. *See also Laughlin v. Livingston*, 233 S. C. 81, 103 S. E. (2d) 741 (1958); *Wright v. Ritz Theatre, supra; Horn v. Blackwell*, 212 S. C. 480, 48 S. E. (2d) 322 (1948).

The proper procedure having been followed, the only determination for this court is whether there is any evidence to support the Circuit Judge's findings of fact. The testimony of each sides' witnesses is in direct conflict. The witnesses for Kiwi testified that because of a pending sale of their leasehold interest, Vacation Time agreed to accept a late payment of the November rent. Witnesses for Vacation Time acknowledge that they knew of the pending sale but deny that the permission to delay the payment of the November rent was ever requested or granted.

The Magistrate apparently believed Kiwi's witnesses. The Circuit Judge found greater weight in the testimony of Vacation Time's witnesses. Sections 18-7-140 and 18-7-170 give the Circuit Judge sitting in an appellate capacity the ability to make a determination in the same manner as Circuit Courts in trials without a jury and to reverse a judgment for errors of fact even though the Circuit Judge may not have had the opportunity to observe the demeanor of the witnesses. Thus, the Circuit Judge's decision was within his powers. As there is evidence in the record which supports the Circuit Judge's decision, we are bound to uphold it. *Price v. Charleston & W. C. Ry. Co.*, 93 S. C. 576, 77 S. E. 703 (1913).

Accordingly, the judgment below is affirmed.

CURETON and GOOLSBY, JJ., concur.