0527

Mary Sue BURNS, Respondent, v. Robert L. WANNAMAKER, D.D.S., Appellant.

(333 S. E. (2d) 358)

Court of Appeals

*John L. Choate,* of *Nelson, Mullins, Grier & Scarborough,* Columbia, *for appellant.*

*Carlos Gibbons,* of *Kneece, Kneece, Freeman, Willoughby, Ashley & Gibbons,* Columbia, *for respondent.*

Heard June 18, 1985.

Decided July 22, 1985.

GOOLSBY, Judge:

In an appeal from the magistrate's court, the circuit court, following remand from this Court [*see Burns v. Wan-*

*namaker*, 281 S. E. 352, 315 S. E. (2d) 179 (Ct. App. 1984)], found by clear and convincing evidence that Robert L. Wannamaker, a dentist, gave and breached an express pre-treatment warranty as to the manufacture and fit of dentures purchased from him by Mary Sue Burns. The circuit court granted judgment to Burns in the amount of $250. Wannamaker appeals.

## I.

By several exceptions, Wannamaker maintains the proof of an express warranty and of its breach was not established by clear and convincing evidence.

As in an action for fraud, where the proof must be by clear, cogent, and convincing evidence [*see, e.g., Blackmon v. United Insurance Co.*, 235 S. C. 335, 111 S. E. (2d) 552 (1959); 37 C.J.S. *Fraud* § 114 at 427-30 (1943)], our scope of review in this instance, where the proof also must be by clear and convincing evidence [*Burns v. Wannamaker, supra*], is limited to determining whether there is any evidence reasonably supporting the circuit court's findings. *See Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976); *Vacation Time of Hilton Head Island, Inc. v. Kiwi Corp.*, 280 S. C. 232, 312 S. E. (2d) 20 (Ct. App. 1984); *cf. Cook v. Metropolitan Life Insurance Co.*, 186 S. C. 77, 194 S. E. 636 (1938) (where Supreme Court held in law action for fraud and deceit the question of fraud was for the trier of fact if more than one reasonable inference could be drawn from the evidence). We cannot, as Wannamaker would have us do, weigh the evidence to determine whether it is sufficient to meet the burden of proof. 5A C.J.S. *Appeal & Error* § 1656(2) n. 71 at 447 (1958); *see Southeastern PVC Pipe, Mfg., Inc. v. Rothrock Construction Co., Inc.*, 280 S. C. 498, 313 S. E. (2d) 50 (Ct. App. 1984). If there is any evidence to support the circuit court's findings, they will be affirmed on appeal. *Id.*

Here, the evidence supports the circuit court's findings that Wannamaker expressly warranted Burns's dentures would fit and that the dentures sold by him to Burns failed to fit her properly.

## II.

Wannamaker further maintains the circuit court failed to make a factual finding pursuant to Section 18-7-170 of the South Carolina Code of Laws (1976) that Burns made it impossible for Wannamaker to fulfill his alleged guarantee. This contention has no merit. The circuit court expressly found Burns did not bring about the breach of the express warranty given her by Wannamaker. This finding too enjoys evidentiary support and provides no basis for reversal. *See Southeastern PVC Pipe, Mfg., Inc. v. Rothrock Construction Co., Inc., supra.*

## III.

Wannamaker last contends the circuit court erred in failing to hold the magistrate's court erred in refusing to grant his motion to strike Burns's cause of action for breach of contract on the ground it fails to allege facts sufficient to constitute a cause of action for breach of contract.

The purpose of a pleading is to put the adversary on notice as to the issues involved. *Langston v. Niles*, 265 S. C. 445, 219 S. E. (2d) 829 (1975). Where a pleading is attacked for an alleged failure to state a cause of action, the pleading must be liberally construed in favor of the pleader and sustained if the facts and reasonable inferences to be drawn therefrom entitle the pleader to relief on any theory of the case. *Pilkington v. McBain*, 274 S. C. 312, 262 S. E. (2d) 916 (1980).

In our view, Burns's complaint, which alleges that Wannamaker breached his "contract by failing to fit the dentures to [Burns's] mouth properly and by failing to make the dentures in the proper size for [Burns]," put Wannamaker on fair notice of the questions he was expected to litigate. Indeed, counsel for Wannamaker conceded at oral argument Wannamaker was not prejudiced at trial by the magistrate's failure to strike the cause of action for insufficiency. Our review of the record likewise convinces us Wannamaker was not taken by surprise and was able to fairly meet Burns's contentions.

Affirmed.

GARDNER and CURETON, JJ., concur.