THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Marvin Ott,       
Appellant,
 
 
 

v.

 
 
 
Leo Ott,       
Respondent.
 
 
 

Appeal From Orangeburg County
Rodney A. Peeples, Circuit Court Judge

Unpublished Opinion No. 2003-UP-025
Submitted October 22, 2002  Filed January 
 8, 2003

AFFIRMED

 
 
 
Randall E. McGee, of St. Matthews, for appellant.
James B. Jackson, of Orangeburg, for respondent.
 
 
 

PER CURIAM:  Leo Ott (Respondent) brought this ejectment 
 action in magistrates court to evict his stepson, Marvin Ott (Appellant).  
 In his affidavit filed in the case, Respondent claimed he owned the property 
 and Appellant had agreed to pay $750 per month in rent, but had not done so.  
 The magistrate ruled in favor of Respondent, ejecting Appellant.  
Appellant appealed to the circuit court claiming the magistrates 
 ruling was void for lack of jurisdiction because Appellant had a partially performed 
 contract of sale to buy the property from Respondents predecessor in title.  
 The circuit court noted that Appellants proffer of the alleged contract and 
 receipts reflecting payment under the contract were never introduced into evidence 
 according to the magistrates return, and the argument made by Appellant had 
 not been raised to the magistrate according to the return.  Apologetically, 
 and without further elaboration, the circuit court affirmed the magistrate.  
 Appellant now appeals to this Court arguing the circuit court erred in finding 
 the magistrate had subject matter jurisdiction because:  1) Respondent and Appellant 
 did not have a landlord/tenant relationship, and 2) Appellant made a cognizable 
 claim of ownership of the tract of land pursuant to South Carolina Code Annotated 
 section 22-3-20(2) (1976).
FACTUAL/PROCEDURAL BACKGROUND
In 1993, Appellant sold the subject tract of land 
 to Lombard Corporation (Lombard).  On September 14, 2000, Lombard sold the 
 tract of land to Respondent, Appellants stepfather.  Respondent recorded the 
 deed.  On March 14, 2001, Respondent brought an ejectment action against Appellant 
 in the magistrates court.  According to the magistrates return, the Respondent 
 presented his deed and an affidavit as to the failure to pay rent.  The return 
 states that Appellant denied Respondents right to eject him, but no defense 
 of title is mentioned, and there is no identification of any evidence submitted 
 by the Appellant supporting a defense.  The magistrate ruled in favor of Respondent.
Appellant appealed to the circuit court 
 arguing the magistrate erred by exercising jurisdiction over the claim because:  
 1) the Respondent and Appellant did not have a landlord/tenant relationship, 
 and 2) Appellant raised a cognizable claim of ownership of the tract of land.  
 In support of this appeal, Appellant, for the first time, tendered a copy of 
 the purported contract of sale between Appellant and Lombard.  Additionally, 
 for the first time, Appellant asserted that he tried to notify Respondent of 
 his purchase by letter, but Respondent refused to accept delivery of it.  Finally, 
 Appellant asserted he paid $147,000 to Lombard under the alleged installment 
 agreement.
The circuit court ruled the magistrate 
 did not err in exercising jurisdiction.  The circuit court noted Appellants 
 evidence was not in the record according to the return.  The court then entered 
 a form order affirming the magistrate and made no further elaboration of his 
 basis for ruling. 
DISCUSSION
I.          Ownership of the Tract of Land      
Appellant argues he raised a question of ownership 
 in the tract of land; therefore, the magistrate lacked subject matter jurisdiction 
 to hear Respondents ejectment claim.
Magistrates courts generally do not have jurisdiction 
 over a matter if title to real property is questioned.  See S.C. Code 
 Ann. § 22-3-20(2).
South Carolina Code Annotated section 30-7-10 (1976) 
 states in pertinent part:

All deeds of conveyance of lands, . . . [and] all contracts 
 for the purchase and sale of real property, . . . [are] required by law to be 
 recorded in the office of the register of mesne conveyances . . . [and once 
 recorded] are valid so as to effect the rights of subsequent creditors . . . 
 or purchasers for valuable consideration without notice, only from the day and 
 hour when they are recorded in the office of the register of mesne conveyances 
 . . . of the county in which the real property affected is situated.  

The record reflects that Appellant claimed 
 he and Lombard executed a contract for the sale of the tract of land from Lombard 
 to Appellant, and that he paid $147,000.00 in installments on the contract.  
 Appellant, however, did not record the contract in the public records.  
Furthermore, the magistrates return does not reflect 
 that this argument was made to the magistrate, or that the documentation in 
 support of it was submitted to the magistrate.  Consequently, assuming merit 
 to the argument, it was not preserved for review by the circuit court or by 
 this court. Indigo Assoc. v. Ryan Inv. Co., 314 S.C. 519, 523, 431 S.E.2d 
 271, 273-74  (Ct. App. 1993) (The circuit court, acting as an appellate court 
 in a case heard by the magistrate, cannot consider questions that have not been 
 presented to the magistrate. . . . Also, the parties to an appeal from the magistrate 
 court are restricted to the theory on which the case was tried in the magistrate 
 court.) (internal citations omitted).     
As to the merits of this argument, Lombard sold 
 the tract of land to Respondent for $130,000.00.  Respondent recorded the deed 
 of conveyance and presented the recorded deed to the magistrate.  Respondent 
 claims he was unaware of the contract between Lombard and Appellant.  There 
 is no evidence in the record refuting this claim.
Therefore, as between Appellant and Respondent, 
 Appellant has no claim to the tract of land because Respondent recorded a deed 
 of conveyance, without notice of the alleged contract between Lombard and Appellant, 
 and is therefore a subsequent purchaser without notice entitled to priority.  
 See S.C. Code Ann. § 30-7-10.
II.          Landlord/Tenant Relationship
Appellant argues the circuit court erred in affirming 
 the magistrates ruling that Appellant and Respondent had a landlord/tenant 
 relationship; thus, Appellant claims the magistrate was without subject matter 
 jurisdiction to hear the claim.
Magistrates courts have jurisdiction 
 in all matters between landlord and tenant and the possession of land as provided 
 in [the Landlord Tenant Act].  S.C. Code Ann. § 22-3-10(10) (Supp. 2001).  

When reviewing a magistrates decision, the circuit 
 court, acting in its appellate capacity, can find facts in accordance with its 
 own preponderance of the evidence.  Vacation Time of Hilton Head Island, 
 Inc. v. Kiwi Corp., 280 S.C. 232, 234, 312 S.E.2d 20, 21 (Ct. App. 1984).
This Court, when reviewing the decision 
 of the circuit court sitting in its appellate capacity, must affirm the findings 
 of fact of the circuit court if there is any evidence to support them.  Wright 
 v. Ritz Theatre, 211 S.C. 161, 164, 44 S.E.2d 308, 309 (1947); Vacation 
 Time of Hilton Head Island, Inc., 280 S.C. at 233, 312 S.E.2d at 21.  Additionally, 
 this Court will presume the circuit court affirmed the magistrate's judgment 
 on the merits where the testimony is sufficient to sustain the judgment of the 
 magistrate and the circuit courts decision was not influenced by an error of 
 law.  Bagnal v. Southern Express Co., 106 S.C. 395, 400, 91 S.E. 334, 
 335-36 (1917); Burns v. Wannamaker, 281 S.C. 352, 357, 315 S.E.2d 179, 
 182 (Ct. App. 1984).
South Carolina Code Annotated section 
 27-33-10(3) defines a tenant-at-will as any person using or occupying real 
 estate without an agreement, either oral or in writing . . . .  Further, [w]hen 
 a person enters upon or uses the premises of another without agreement or without 
 permission of the owner or by trespass the owner may at his option waive such 
 tort and treat and deem such person as a tenant at will.  S.C. Code Ann. § 
 27-35-40 (1976)
The magistrate noted that Respondent had 
 a deed to the property, and Appellant did not present any evidence of ownership 
 entitling him to possession.  The magistrate also referred to the Respondent 
 in the return as landlord.  As the circuit court noted, the Appellant did not 
 submit his alleged contract or receipts to the magistrate, nor did he make the 
 argument of title according to the return.  The Appellant did not dispute this 
 observation at the circuit court hearing.  Additionally, there is no evidence 
 in the record demonstrating that Respondent sought a cause of action against 
 Appellant for trespass.  Therefore, there is evidence to support the magistrates 
 treatment of Appellant as a tenant at will.  See S.C. Code Ann. § 27-25-10.
Respondent claims he chose to treat Appellant as 
 a tenant at will.   It is indisputable that Appellant failed to pay rent.  Although 
 the circuit court did not make specific findings of fact, given the evidence 
 in the magistrates record, and the applicable statute, we conclude there was 
 sufficient evidence for the circuit court to affirm the magistrates ruling.  
 Furthermore, Appellant has not claimed, nor does the record demonstrate, that 
 the circuit court made an error of law.  Therefore, this Court, pursuant to 
 its standard of review, must affirm the circuit courts ruling.  See 
 Vacation Time of Hilton Head Island, Inc., 280 S.C. at 233, 312 S.E.2d 
 at 21 (holding this Court, when reviewing the decision of the circuit court 
 sitting in its appellate capacity, must affirm the findings of fact of the circuit 
 court if there is any evidence to support the findings); Burns, 281 S.C. 
 at 357, 315 S.E.2d at 182 (holding this Court will presume the circuit court 
 affirmed the magistrates judgment on the merits where the testimony is sufficient 
 to sustain the judgment of the magistrate and the circuit courts decision was 
 not influenced by an error of law).
CONCLUSION
Based on the foregoing, the ruling of the circuit court is hereby
 AFFIRMED.
CONNOR, STILWELL, and HOWARD, J.J., concur.