THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Paul Klein d/b/a Paul's Tile Co., Respondent,
    v.
 ProFast Commercial Flooring, Inc., Appellant.
 
 
 

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

Unpublished Opinion No. 2011-UP-327
Submitted June 1, 2011  Filed June 27, 2011   

AFFIRMED

 
 
 
 Neil D. Wright, of Myrtle Beach, for Appellant.
 Bradley A. Floyd, of Surfside Beach, for Respondent.
 
 
 

PER CURIAM:  ProFast Commercial Flooring, Inc. (ProFast) appeals the circuit court's order affirming the magistrate's court's award of $4,258.00
to ProFast on its counterclaim in the breach of contract action brought by Paul Klein d/b/a Paul's Tile Co. (Klein).  ProFast argues the circuit court
erred in: (1) applying the incorrect standard of review; and (2) failing to conclude as a matter of law that ProFast was entitled to an award of damages up to
the $7,500 jurisdictional limit of the magistrate's court.  We affirm.[1]
1.  As to whether the circuit court erred in applying the incorrect standard of review: This issue is not preserved for our review because ProFast did
not raise this issue to the circuit court in its Rule 59(e), SCRCP motion to reconsider. See Patricia Grand Hotel, LLC v. MacGuire Enters., Inc.,
372 S.C. 634, 639, 643 S.E.2d 692, 695 (Ct. App. 2007) (holding an issue not raised in a motion to reconsider or ruled upon by the circuit court is not
preserved for appellate review).       
2.  As to whether the circuit court erred in failing to conclude as a matter of law that ProFast was entitled to an award of damages up to the $7,500
jurisdictional limit of the magistrate's court: Evidence in the record supports the circuit court's ruling that ProFast was not entitled to the full amount of
damages it was seeking to compensate for the additional labor costs it incurred after Klein left the job because (1) it did not provide the tiles for Klein to
complete the school project as required under the contract; and (2) a subcontractor working for Klein testified the tile work for the school was completed
according to industry standards. See Burns v. Wannamaker, 286 S.C. 336, 338, 333 S.E.2d 358, 359 (Ct. App. 1985) ("If there is any evidence
to support the circuit court's findings, they will be affirmed on appeal."); Vacation Time of Hilton Head Island, Inc. v. Kiwi Corp., 280 S.C. 232,
233, 312 S.E.2d 20, 20-21 (Ct. App. 1984) (stating in the situation of an appeal from magistrate court to the circuit court, "this court is without
jurisdiction to reverse the findings of fact of the [c]ircuit [c]ourt if there is any supporting evidence.").     
AFFIRMED.
FEW, C.J., PIEPER and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.