**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gerald J. Nagy, Appellant,

v.

Bob Rice Realty Inc., Respondent.

Appellate Case No. 2016-002177

———————

Appeal From Lexington County
Donald B. Hocker, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-089
Submitted January 1, 2020 – Filed April 1, 2020

———————

**AFFIRMED**

———————

Gerald Nagy, of West Columbia, pro se.

Cynthia K. Mason, of Holler, Garner, Corbett, Gilchrist
& Mason, of Columbia, for Respondent.

———————

**PER CURIAM:** In this landlord-tenant dispute, Gerald Nagy appeals the circuit court's order regarding the magistrate court's decision in favor of Bob Rice Realty, Inc. (BRR), arguing the circuit court erred in (1) failing to fully consider all of the terms of the residential lease agreement, and (2) failing to fully consider section 27-40-910(h) of the South Carolina Code (2007) and finding BRR engaged in

retaliatory conduct.[1]  We affirm pursuant to Rule 220(b), SCACR, and the following authorities.

1. As to whether the circuit court erred in failing to fully consider all of the terms of the residential lease agreement: *Vacation Time of Hilton Head Island, Inc. v. Kiwi Corp.*, 280 S.C. 232, 233, 312 S.E.2d 20, 21 (Ct. App. 1984) (stating that in ejectment proceedings first heard in magistrate's court, the court of appeals "is without jurisdiction to reverse the findings of fact of the [c]ircuit [c]ourt if there is any supporting evidence"); *Hadfield v. Gilchrist*, 343 S.C. 88, 94, 538 S.E.2d 268, 271 (Ct. App. 2000) ("Unless [the court of appeals] finds an error of law, [it] will affirm the [circuit court's] holding if there are any facts supporting [its] decision."); S.C. Code Ann. § 27-40-320(a) (2007) ("If the landlord does not sign and deliver a written rental agreement which has been signed and delivered to the landlord by the tenant, acceptance of rent without reservation by the landlord gives the rental agreement the same effect as if it had been signed and delivered by the landlord."); S.C. Code Ann. § 27-40-320(c) (2007) ("If a rental agreement given effect by the operation of this section provides for a term longer than one year, it is effective for only one year."); S.C. Code Ann. § 27-35-30 (2007) ("All tenancies of real estate other than agricultural lands shall be deemed from month to month unless there be an agreement otherwise.");  S.C. Code Ann. § 27-35-120 (2007) ("A tenancy from month to month may be ended by either party giving to the other written notice of thirty days to the effect that such tenancy shall be then terminated.").

2. As to whether the circuit court erred in failing to fully consider section 27-40-910(h) and failing to find BRR engaged in retaliatory conduct: *Kiawah Prop. Owners Grp. v. Pub. Serv. Comm'n of S.C.*, 359 S.C. 105, 113, 597 S.E.2d 145, 149 (2004) (finding an argument not made to an intermediate appellate court

---

[1] In its respondent's brief, BRR asserts the circuit court erred in reversing the magistrate court "to the extent of allowing [Nagy] to remain on the property until December 31, 2016," because the lease expired on December 31, 2014, section 27-40-320(c) of the South Carolina Code (2007) prevented the lease from automatically renewing after the expiration of the lease, and the circuit court considered evidence not submitted to the magistrate court, including emails in which the parties attempted to settle the case.  BRR failed to file a notice of appeal; therefore, we find these arguments are not properly before this court and decline to address them.  *See Commercial Credit Loans, Inc. v. Riddle*, 334 S.C. 176, 187, 512 S.E.2d 123, 129 (Ct. App. 1999) (declining to address a trial court's alleged error raised in a respondent's brief because the respondent failed to file a notice of appeal and follow proper procedure for filing a cross appeal).

and not ruled on by that court is not preserved for review in the supreme court or court of appeals).

**AFFIRMED.**[2]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.