**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Resort Restaurants of Myrtle Beach, Inc. d/b/a Rossi's, Appellant,

v.

Galleria Shopping Center, LLC, Respondent.

Appellate Case No. 2019-001744

———————

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-223
Submitted April 1, 2022 – Filed May 18, 2022

———————

**AFFIRMED**

———————

Sam G. Stathos, of Patrick & Stathos, LLC, of Surfside Beach, and Robert Belton Strickland, IV, of Myrtle Beach, both for Appellant.

James Keith Gilliam, of Burr & Forman LLP, of Greenville; and Henrietta U. Golding, of Burr & Forman LLP, of Myrtle Beach, both for Respondent.

———————

**PER CURIAM:** In this commercial lease eviction action, Resort Restaurants of Myrtle Beach, Inc., doing business as Rossi's (Resort), appeals the circuit court's

order affirming the magistrate's denial of Resort's motion for a return of its bond. On appeal, Resort argues (1) because Galleria Shopping Center, LLC's (Galleria's) eviction action was dismissed, the parties should have been returned to a position as if the action had not been filed and (2) the circuit court erred in considering information regarding the amount of rent Resort owed. We affirm pursuant to Rule 220, SCACR.[1]

1. We hold the circuit court did not err in affirming the magistrate's denial of Resort's motion to return its bond. *See Bowers v. Thomas*, 373 S.C. 240, 244, 644 S.E.2d 751, 753 (Ct. App. 2007) (explaining that after an ejectment proceeding in magistrates court and appeal to the circuit court, this court "is without jurisdiction to reverse the findings of fact of the circuit court if there is any supporting evidence." (quoting *Vacation Time of Hilton Head Island, Inc. v. Kiwi Corp.*, 280 S.C. 232, 233, 312 S.E.2d 20, 21 (Ct. App. 1984))); *id.* ("Unless we find an error of law, we will affirm the [circuit court's] holding if there are any facts supporting [its] decision." (quoting *Hadfield v. Gilchrist*, 343 S.C. 88, 94, 538 S.E.2d 268, 271 (Ct. App. 2000))). The bond here required Resort to pay Galleria all of the rent due and all of the future rent as it became due. *See* S.C. Code Ann. § 27-37-155(A)(1) to (2) (Supp. 2021) (providing when a landlord brings an eviction action for a commercial lease and the tenant asserts defenses or counterclaims, "the tenant is required to pay the landlord all rent which becomes due after the issuance of a written rule requiring the tenant to vacate or show cause as rent becomes due" and "all rent allegedly owed prior to the issuance of the rule"); S.C. Code Ann. § 27-37-155(B)(5) (Supp. 2021) (authorizing the court to order the tenant to pay all rent due and accruing either directly to the landlord, or to the clerk of court, or to the magistrate's office during the pendency of the action). The stay of the eviction order ended when Resort failed to make the monthly rent payments as they became due. *See id.* (stating that if the tenant fails to make the required payment, "the tenant's failure to comply entitles the landlord to execution of the judgment for possession and, upon application of the landlord, the magistrate shall issue a warrant of ejectment and the landlord must be placed in full possession of the premises by the sheriff, deputy, or constable"). Resort does not argue the court erred in the calculation of rent. Rather, it merely contends that the bond should be returned because the case was dismissed. The bond was required in order for the stay of the ejectment to remain in effect, and Resort received that relief until it stopped paying the rent as it became due. Therefore, Resort has not met its burden of proving reversible error. *See McCall v. IKON*, 380 S.C. 649, 659-60, 670 S.E.2d 695, 701 (Ct. App. 2008) (noting the order on

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

appeal "comes to the appellate court with a presumption of correctness and the burden is on the appellant to demonstrate reversible error").[2]

2.  Resort's argument the circuit erred by considering information concerning the back rent owed is not preserved because this issue was not raised to or ruled upon by the circuit court.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review.").

**AFFIRMED.**

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[2] Galleria is incorrect in asserting the lack of a written order denying Resort's motion to return the bond requires this court to dismiss the appeal.  Because both parties were present at the June 10, 2019 hearing when the magistrate announced his ruling, a written order was not necessary.  *See* Rule 17(b), SCRMC ("[N]o written notice need be delivered to a party if the judgment is announced at the trial in the presence of that party or the party's attorney.").